[S. F. No. 6247. Department Two.—June 26, 1914.]

PACIFIC RAILWAYS ADVERTISING COMPANY (a Corporation), Appellant, v. JOHN CONRAD, Chief of Police of the City of Alameda, Respondent.

MUNICIPAL CORPORATION—LICENSE TAX—BUSINESS OF ADVERTISING IN CITY PASSENGER CARS—VALIDITY OF ORDINANCE.—A municipal corporation has power to enact, as a revenue measure, an ordinance imposing a license of one hundred dollars a year upon the business of displaying upon printed cards advertisements of various business enterprises in street and steam cars carrying passengers in such city. Such ordinance cannot be held so unjust, oppressive, or discriminatory as to be illegal and void, merely because no license whatever is required of those conducting the business of billboard displays, or because other businesses requiring more protection and more use of public service or regulation are charged much smaller license fees.

ID.—INTERFERENCE WITH INTERSTATE COMMERCE.—Such ordinance is not void as being an unauthorized interference with interstate commerce, merely because the person affected conducts a general busi-

ness of advertising by such means throughout the various states of the United States and the cities therein.

ID.—MERE CONTRACTS NOT PART OF INTERSTATE COMMERCE.—Mere contracts, though executed in several states, are not in and of themselves any part of interstate commerce within the meaning of the federal constitution.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Heller, Powers & Ehrman, for Appellant.

A. F. St. Sure, for Respondent.

HENSHAW, J.—Plaintiff sought an injunction restraining the respondent from interfering with advertising cards which it was displaying in the railway cars operated by the Southern Pacific Company in Alameda.   The interference of the chief of police was based upon the refusal of the plaintiff to pay the sum exacted by the license ordinance of the city of Alameda.   The vital question upon the trial and upon this appeal is whether that ordinance is so unjust, oppressive, and discriminatory as to be illegal and void.   Judgment passed for defendant upon general demurrer sustained to plaintiff's complaint, and plaintiff appeals.

The complaint alleges that its business, conducted throughout many states of the United States and the cities therein, is that of displaying upon printed cards announcements of various business enterprises in street cars and steam cars carrying passengers in such cities.   The general office of the corporation is in New York city and it maintains subsidiary offices in other large cities.   Under contract with the Southern Pacific Railway Company it placed its advertisements in the fifty-seven cars operated by that company in and through the city of Alameda and other nearby cities.   Plaintiff's ability to secure contracts and maintain its business depends upon its ability to place these advertising cards throughout the United States generally.   The Alameda branch of its industry is in its infancy and is maintained at a loss, the gross annual income for advertisements so displayed in the city of Alameda being about eight thousand dollars a year and

the actual operating expenses for this branch of the business exceeding twelve thousand dollars a year. It was so maintained at a loss because it was a part of the general business, in the hope and expectation that in time plaintiff might increase its advertising rates so as to make that branch of the business profitable. The methods of public announcements or advertisments prevailing in the city of Alameda are the newspapers, outdoor displays on bill-boards, and displays in cars. The license provided by the ordinance of Alameda for printing and publishing newspapers, including the display of such advertisements as those presented to the public by plaintiff is twenty-five dollars per annum. No license whatsoever is required of those conducting the business of bill-board displays, while the tax or license upon plaintiff's business is fixed at one hundred dollars per annum. It is further urged, as showing the discriminatory character of this ordinance, that other businesses requiring more protection and more use of public service or regulation, are charged much smaller license fees. Thus banks pay sixty dollars a year, building and loan associations twenty-five dollars. Finally, plaintiff pleads that the ordinance is void as being an unauthorized interference with the interstate commerce which it is carrying on. Upon these allegations plaintiff sought a judgment that the ordinance was unjust, discriminatory, oppressive, and void.

The ordinance is clearly a revenue measure within the power of the municipality to pass. The limitations upon the exercise of this power are familiar ones, that a legitimate business such as this shall not be subjected to oppressive or unjustly discriminatory burdens. Within that limit there is full play for municipal discretion. (*In re Guerrero,* 69 Cal. 88, [10 Pac. 261]; *Wolf* v. *Lansing,* 53 Mich. 367, [19 N. W. 38]; *Fifth Ave. Coach Co.* v. *New York,* 194 N. Y. 19, [21 L. R. A. (N. S.) 744, 16 Ann. Cas. 695, 86 N. E. 824]; *Stull* v. *DeMattos,* 23 Wash. 71, [51 L. R. A. 892, 62 Pac. 451]; Cooley on Taxation, 2d ed., p. 599.) It is only when such an ordinance is clearly unjustly oppressive and discriminatory that the power of a court may be invoked to right the wrong. Manifestly there is and must be a broad zone dividing and delimiting upon the one hand those ordinances which are clearly reasonable and just from those which are as clearly unreasonable and unjust. In all that broad zone legislative discretion

operates. It is doubtful territory. Ordinances falling within it cannot be set aside by the courts, for then there is a clear substitution of the judgment of the courts for the judgment of the legislature and thus plain judicial legislation. It would add nothing to this consideration to analyze and discuss the many cases presented for consideration by opposing counsel. The result of the consideration, however, may be declared in this—that the ordinance in question falls within the indicated zone where the view of a court may not be substituted for the determination of the legislature.

Whatever may be the general nature of plaintiff's business, the particular business for the conduct of which a license fee was here exacted was a business conducted wholly within the state of California, and in no way involved the transportation of goods. Mere contracts, though executed in several states, are not in and of themselves any part of interstate commerce within the meaning of the federal constitution. (*Paul* v. *Virginia,* 8 Wall. 168, [19 L. Ed. 357]; *Butler Bros. Shoe Co.* v. *United States Rubber Co.,* 156 Fed. 1, [84 C. C. A. 167]; *International Text Book Co.* v. *Pigg,* 217 U. S. 91, [18 Ann. Cas. 1103, 27 L. R. A. (N. S.) 493, 54 L. Ed. 678, 30 Sup. Ct. Rep. 481]; *Williams* v. *Fears,* 179 U. S. 270, [45 L. Ed. 186, 21 Sup. Ct. Rep. 128]; *New York* v. *Knight,* 192 U. S. 21, [48 L. Ed. 325, 24 Sup. Ct. Rep. 202].)

The judgment appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.