# Staunton

## W. N. VAUGHAN v. CITY OF RICHMOND.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*David Meade White* and *Andrew J. Ellis,* for the plaintiff in error.

*James E. Cannon,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

. W. N. Vaughan was convicted in the Hustings Court of

the city of Richmond upon the charge of "being engaged in the laundry business at a place of business located outside of the city of Richmond, and soliciting laundry business in the city of Richmond without having paid the required city of Richmond license therefor," in violation of an ordinance of said \city'. That provision of the ordinance under which the defendant was found guilty reads as follows:

"(c) Any person, firm, or corporation engaged in the laundry business whose principal office or place of business is located outside of the city of Richmond, and who solicits laundry business in the city of Richmond, $150.00, and in addition thereto there shall be paid a license tax of $75.00 for each vehicle so used. The whole license tax assessed in this sub-section shall be paid in one sum at the time the license is issued and the same shall not be pro-rated or transferred."

The facts certified show that prior to and at the time of his conviction Vaughan was operator and owner of a steam laundry in the town of Ashland, Virginia; that he had no plant or place of business in the city of Richmond, or in any other place except in the town of Ashland; that under an agreement with the drivers, Vaughan used and employed several trucks in soliciting laundry business for him in the city of Richmond, and in bringing it to Vaughan's plant in Ashland where it is laundered under the agreement with the drivers. The drivers then get it and return it to the customers, collect the regular price named in the Ashland laundry ticket, retain thirty per cent thereof as their full compensation in soliciting and bringing the laundry business to Vaughan, and turn over seventy per cent thereof to Vaughan under their agreement with him.

Vaughan paid the city license tax of $150.00 as required by the above ordinance, but refused to pay the additional license tax of $75.00 each thereby prescribed for the vehicles used in soliciting laundry business for him. He contends that the said ordinance is void because it pre-

scribes and fixes an unreasonable and arbitrary classification between and discriminates against those who are engaged in the same business, and denies to the defendant the equal protection of the law, contrary to the Fourteenth Amendment to the Constitution of the United States, and the Constitution of Virginia (section 11).

The sole question is, therefore, whether that provision of the ordinance which requires laundries located outside of the city of Richmond and soliciting business in the city, to pay a license tax of $75.00 for each vehicle used in soliciting such business, is valid as held by the Hustings Court, or invalid as contended by petitioner.

We think the question is controlled by the case of *Richmond Linen Supply Company* v. *City of Lynchburg,* 160 Va. 644, 169 S. E. 554. In that case the Linen Supply Company operated a laundry in the city of Richmond. Its business consisted of renting towels and other linens to hotels, coats to barbers, dresses to waitresses, and like supplies to all customers it could secure. These supplies were delivered to its customers in Lynchburg from Richmond and, after being used until soiled, were then collected and carried back to Richmond where they were laundered by the company's laundry and then redelivered. The defendant in that case was charged with and convicted of violating an ordinance of the city of Lynchburg which, after prescribing the license tax to be imposed upon laundries located within that city provided as follows:

"On every person, firm or corporation (other than a laundry or dry cleaning establishment located in the city of Lynchburg, paying regular laundry or dry cleaning license tax in the city of Lynchburg) engaged in soliciting general laundry or dry cleaning work, including towel or laundry service, or the renting or furnishing of towels and linens for compensation, where said person, firm, or corporation does the laundry or dry cleaning work thereon outside of the city, or has it done outside of the city, $300.00 per annum not pro-rated."

The Linen Supply Company claimed that the ordinance above quoted was invalid because it denied to it equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States, and that it was also in violation of the Virginia Bill of Rights. In other words, it was contended that the ordinance was invalid because it undertook to make a classification between laundries located in Lynchburg and those located elsewhere which was arbitrary and unjust. In upholding the validity of the tax complained of, this court, speaking through Mr. Justice Holt, quoted with approval from the case of *State Board of Tax Commissioners of Indiana* v. *Jackson,* 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464, as follows:

" 'The power of taxation is fundamental to the very existence of the government of the States. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations.'

"And further: 'It is not the function of this court, in cases like the present, to consider the propriety or justness of the tax, to seek for the motive, or to criticize the public policy which prompted the adoption of the legislation. Our duty is to sustain the classification adopted by the legislature, if there are substantial differences between the occupations separately classified. Such differences need not be great. The past decisions of the court make this abundantly clear.' "

After quoting numerous other authorities bearing on the specific question, Justice Holt says:

"We have seen that courts are extremely reluctant to declare laws unconstitutional; that classifications are to be sustained whenever there is any fair basis for them; that equality in taxation, particularly where licenses are concerned, is a dream unrealized, and that differences in

method may be in itself a basis for classification. Local laundries do pay a license tax, though it is smaller in amount, but they are otherwise taxed directly and indirectly in ways which petitioner wholly escapes. They in turn might complain if they had to pay for their incidental linen service the same tax assessed against a non-resident, whose sole business it was, and have at the same time to pay property and water taxes not leviable against their competitors.

"In these circumstances, it cannot be said that this classification is arbitrary or unsupported by reason."

It is shown in the case at bar that there are eleven laundries located in the city of Richmond which not only pay a specific license tax of from $150.00 to $250.00 each, according to the number of persons employed, and pay to the city of Richmond a real estate tax of $2.35 on each $100 of assessed value thereof, and a personal property tax of $2.20 on each $100 of assessed value thereof, but also paid for the months of May, June, July, August, September and October, 1933, the year in which this case arose, the aggregate sum of $5,849.08 to the city of Richmond for water used in the operation of said laundries.

In the *Linen Supply Company Case* the ordinance imposed a tax of $300 for soliciting laundry or dry cleaning work, including towel or laundry service, or the renting or furnishing of towels for compensation in the city of Lynchburg, *where the laundry or dry cleaning work thereon was done outside of that city.*

In the case at bar the ordinance under attack imposes a tax of $75 upon each vehicle used in soliciting laundry business in the city of Richmond, where the work is done outside of said city. In both cases, therefore, the tax claimed to be unconstitutional is imposed upon the solicitation of laundry business, or incidental services, where the laundry work is done or to be done outside the city in which the business is solicited; the only distinction being that in the former case the company operating the laundry owned

the articles laundered, and in the instant case the customers for whom the laundry is done own the articles themselves. Under these circumstances, as we see it, the same principle of law is involved in both cases, and the question having already been determined by this court, the judgment of the court below must be affirmed.

*Affirmed.*