WILLIAM O'CONNELL, as Chief of Police of the City of Pensacola, v. PERICLES KONTOJOHN

179 So. 802.
Division B.
Opinion Filed March 16, 1938.

*Ernest E. Mason* and *Coe & McLane,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

TERRELL, J.—In January, 1937, the City of Pensacola enacted an ordinance imposing a flat license tax of $250 on each truck wagon, or other vehicle used and operated over the streets of the City by any person, firm, or corporation engaged in the business of an itinerant, wholesale baker. Bakers who owned their plant and manufactured, baked, or processed their bakery products in the City and were otherwise licensed to do business were exempt from the provisions of the ordinance.

Defendant in error, being the manager of Malbis Bakery located in Mobile, Alabama, declined to comply with the ordinance, was arrested for failure to do so and sued out a writ of habeas corpus challenging the validity of the ordinance. The return to the writ was duly filed and was predicated on failure to comply with the terms of the ordinance. Evidence was taken, arguments were heard, and the trial court discharged the petitioner on the ground that the ordinance was violative of both the State and Federal Constitutions. Writ of error was prosecuted to the judgment of discharge.

We discuss first the question of whether or not the ordinance brought in question offends against the rule of reasonableness as approved by this Court and applied to Municipal ordinances in Roach v. Ephren, 82 Fla. 523, 90 So. 609, and other cases.

The record discloses that when the ordinance was adopted, there were four or five wholesale bakeries doing business by means of trucks in Pensacola which consisted of soliciting and making deliveries therefrom. All but Malbis Bakery had their plants located in Pensacola but the latter had its plant located in Mobile, Alabama, and brought its bakery products to Pensacola every day by truck and solicited the trade in the same manner as the local bakeries. Two of the Pensacola bakeries used four trucks each in their daily business and the third Pensacola bakery used five trucks. The Malbis Bakery used three trucks in its business and both the Pensacola and Mobile bakeries paid a flat license of $50 each up to the time the ordinance in question was enacted.

If Malbis Bakery continues to use three trucks, it will be required to pay a license of $250 per truck or a total of $750 under the new ordinance while the Pensacola bakeries will be required to pay a license tax of only $50. The evidence further shows that Malbis Bakery has for the past seven years sold on an average of $42,000 to $44,000 in gross bakery products annually and that its net profit was little more than $1,000 per year, that if the ordinance is valid, the tax is prohibitive and will force it out of business, that about three-fourths of the business done by it in Pensacola consists in taking and filling orders booked on the previous day while the other fourth consists in taking and filling orders booked on the previous day while the other fourth consists in straight sales from its trucks.

There is no suggestion that the tax complained of is other than a tax for revenue, the question of police regulation not being involved and there is no dispute about the essential facts. Plaintiff in error contends that the ordi-

nance should be upheld under Hardee v. Brown, 56 Fla. 377, 47 So. 834; Park v. Morgan, 64 Fla. 414, 60 So. 347; and Freeman v. Tittsworth, 126 Fla. 483, 171 So. 307.

There were elements that entered into the decision of these cases that are not shown to exist in the case at bar and which we will not discuss. If permitted to draw our conclusion from the evidence, there is no difference in the method of transacting the business involved here and in the last cited cases and this is the basis on which such taxes may be differentiated if upheld. It is accordingly our conclusion that the ordinance offends against the rule of reasonableness but whether so or not that is not its most serious defect.

The most serious question presented is whether or not it offends against the Bill of Rights, State Constitution, the Fourteenth Amendment, or the Commerce Clause of the Federal Constitution.

As heretofore disclosed by the evidence, the effect of the ordinance is to impose a license tax of $250 per truck on bakeries located outside the city. Malbis Bakery is located outside the city in a foreign state. Plaintiff in error contends that the tax should be upheld on the theory that bakeries located within the city pay personal and property taxes, public utility taxes, and in sundry other ways, not affected by those located outside the city contribute to the channels of trade and industry.

The following cases are relied on to support this contention. Hamilton v. Collins, 114 Fla. 276, 154 So. 201; Whiddon v. Vickers, 127 Fla. 222, 172 So. 923; Armour & Co v. Virginia, 246 U. S. 1, 38 Sup. Ct. 267, 62 L. Ed. 547; Richmond Linen and Suppy Co. v. City of Lynchburg, 160 Va. 644, 169 S. E. 554, (Affirmed in 291 U. S. 641, 54 Sup. Ct. 437, 78 L. Ed. 1039); American Bakeries Co. v. City of Sumter, 173 S. C. 94, 174 S. E. 919 (Affirmed in

293 U. S. 523, 55 Sup. Ct. 120, 79 L. Ed. 635) ; American Bakeries Co. v. City of Huntsville, 232 Ala. 612, 168 So. 880, Vaughn v. City of Richmond, 165 Va. 145, 181 S. E. 372; State v.. Gray, 192 Ark. 1045, 96 S. E. (2nd) 447; Continental Baking Company v. City of Mount Vernon, 182 Wash. 68, 44 Pac. (2nd) 821; Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2nd) 967; Crosswell & Co. v. Town of Bishopville, 172 S. C. 26,, 172 S. E. 698.

These cases have been examined and found to involve factual situations in many respects similar to what we have here. They reveal, however, that classifications for the purpose of imposing a license tax may be predicated on differences in method of transacting the business but they must not be based solely on the residence of those engaged in the business. In other words, residents and non residents engaged in the same occupation or business must be treated alike or substantially so in the matter of imposing a license tax.

This rule will not be rigidly enforced if there are discriminations which are not shown to be arbitrary or capricious and substantial, and as to these, the State will not be required to conform to precise mathematical uniformity but if their practical effect is to surpass this standard, the classification will be held in violation of Section 2, Article IV and the Fourteenth Amendment to the Constitution of the United States (privileges and immunities and equal protection clauses). Lawrence v. State Tax Commission of Mississippi, 286 U. S. 276, 52 Sup. Ct. 556, 76 L. Ed. 1102.

From what we have said, it follows that if the practical difference in the burden imposed by the license tax would be *de minimus*, the classification on the basis of locality, or as contended by plaintiff in error on the basis of those selling in the town where their plants are located and those

selling as a mercantile venture in other towns than where their plants are located would be upheld but if the burden passes the rule of *de minimus,* the classification is invalid under Hamilton v. Collins and Whidden v. Vickers, *supra,* and *Ex Parte* Smith, 100 Fla. 1, 128 So. 864; Ward Baking Co. v. City of Fernandina, 29 Fed. (2nd) 789, and Bethlehem Motors Co. v. Flynt, 256 U. S. 421, 41 Sup. Ct. 571, 65 L. Ed. 1029.

In our judgment, the rule as approved in the last cited cases is decisive as to the case at bar so the classification cannot be upheld. But if the classification could be upheld, the burden on interstate commerce is unwarranted. Malbis Bakery is located in Mobile, Alabama, and transacts its Pensacola business in exactly the same manner as the local bakeries but is required to pay a license tax of $250 on each truck operated while the local bakeries pay a license tax of $50 on each truck operated. In addition to this, three-fourths the trade of Malbis Bakery consists in filling orders taken the day before while one-fourth of it is new business done from the trucks.

Notwithstanding the commerce clause, the State may tax the new business done from the trucks but it cannot impose an undue burden on the business taken by orders the day before. It is no answer to say that interstate commerce is only incidentally affected when the effect of the ordinance is to unduly discriminate against the defendant in error and close the Pensacola market to him. Darnell and Son Company v. Memphis, 208 U. S. 113, 28 Sup. Ct. 247, 52 L. Ed. 413; Bethlehem Motors Corporation v. Flynt, *supra;* Brimmer v. Rebman, 138 U. S. 78, 11 Sup. Ct. 213, 34 L. Ed. 862; Baldwin v. Seelig, 294 U. S. 511, 55 Sup. Ct. 497, 79 L. Ed. 1032.

The controlling principle running through these and cases like them is that the privileges and immunities and the

interstate commerce clauses of the Constitution were designed to keep open commerce in goods, ideas, and individuals and as to these, the police power, the power to tax, no other power could be employed by the State or other legislative agency to place itself in a position of isolation, to suppress competition or for purely local reasons, to acquire an advantage over those engaged in similar businesses.

The judgment below is therefore affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J. Concur.