[Civ. No. 2208. Fourth Appellate District.—June 15, 1938.]

W. T. AUSTON et al., Appellants, v. GEORGE E. WILSON, as Mayor, etc., et al., Respondents.

P. Paul Vlautin, Jr., for Appellants.

Walter Osborn, City Attorney, R. Y. Burum, Assistant City Attorney, J. W. Heard, Jr., and John Shortridge for Respondents.

BARNARD, P. J.—The plaintiffs brought this action to enjoin the enforcement of a license tax ordinance of the city of Bakersfield. This ordinance imposes a license fee of $125 per quarter upon any person, firm or corporation operating a school of cosmetology or beauty culture in said city. Only two such schools were and are operated in that city, being those run by the respective plaintiffs herein. After a hearing

the court found that the classification of said business was reasonable and proper, that the license fee provided for is fair, just and reasonable, that no irreparable injury would be done to the plaintiffs, and that it is not true that the license thus imposed would compel the plaintiffs to discontinue the operation of their businesses. From the judgment entered this appeal was taken.

The appellants contend that this ordinance is arbitrary, unreasonable, exorbitant and oppressive because of its amount, and therefore void. They concede that the classification of this as a separate business is proper, and further concede that such ordinances are presumed to be constitutional and that every intendment is in favor of the findings of the trial court. In support of their contention that this license fee is unreasonable and oppressive they point out evidence in the record showing that a much smaller fee was imposed by this ordinance upon some seventeen other kinds of business, that a smaller fee is charged for the privilege of operating schools of cosmetology in some eight other cities in this state, and that one of these schools made a net profit of about $2,400 and $1900, respectively, in the two years next preceding the imposition of this license, and the other made a net profit of about $600 and about $1800 in the same years.

The appellants rely on certain cases from other jurisdictions, including *Bryan* v. *City of Malvern,* 122 Ark. 379 [183 S. W. 957] , *Hirschfield* v. *Dallas,* 29 Tex. App. 242 [15 S. W. 124], and *City of Mankato* v. *Fowler,* 32 Minn. 364 [20 N. W. 361], in which license fees of $600, $500 and $300 per annum, respectively, were held illegal and void. In the first and third of these cases the decision was based upon the fact that the legislative body was only authorized to impose licenses for the purpose of regulation under the police power and that it did not appear that any such amount was needed for that purpose. In the second of these cases it was held that the evidence was sufficient to show that the fee imposed would have the effect of prohibiting the business.

It is neither alleged nor found that this license was regulatory in nature rather than one for revenue and no claim is made that this city was not authorized to raise revenue in this manner. While fees levied for the purpose of regulation under the police power must bear some reasonable relation to the expense of such regulation this rule has no application where the purpose is to raise revenue. (*City of Los Angeles*

v. *Los Angeles etc. Co.*, 152 Cal. 765 [93 Pac. 1006].) A legislative body has broad powers along these lines and it is well settled that the courts may not interfere unless a violation of constitutional or statutory provisions clearly appears. The general question here presented is whether it so clearly appears that the imposition of this license fee is prohibitive or unduly oppressive that the findings of the trial court may be set aside. The general rule is thus stated in Ruling Case Law, volume 26, page 238: ''In most of the states, however, it is regarded as the law that an excise upon the performance of an act which the legislature could not constitutionally prohibit must be reasonable in amount, and must not amount to the suppression of any useful or legitimate occupation or the deprivation of any natural and inalienable right.'' Even where the power to license for revenue exists this is not a power to prohibit. (*In re Dees*, 50 Cal. App. 11 [194 Pac. 717]; *Merced County* v. *Fleming*, 111 Cal. 46 [43 Pac. 392].) In *Ex parte Haskell*, 112 Cal. 412 [44 Pac. 725, 32 L. R. A. 527], the court said:

''It is urged, in effect, that the particular provision in question is unreasonable and oppressive, and that it is unequal and unlawfully discriminating. But we are unable to regard it as open to either or any of these objections. A municipal ordinance must be very clearly obnoxious to such objections as those made, or some one of them, before it will be declared invalid by the courts. Every intendment is to be indulged in favor of its validity, and all doubts resolved in a way to uphold the law-making power; and a contrary conclusion will never be reached upon light consideration. It is the province and right of the municipality to regulate its local affairs—within the law, of course—and it is the duty of the courts to uphold such regulations, except it manifestly appear that the ordinance or by-law transcends the power of the municipality, and contravenes rights secured to the citizen by the constitution, or laws made in pursuance thereof.''

In *Vaughan* v. *City of Richmond*, 165 Va. 145 [181 S. E. 372], it is said:

'' 'The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the

classification for taxation of properties, businesses, trades, callings, or occupations.' "

In *E. A. Hoffman C. Co.* v. *Newport Beach,* 120 Cal. App. 525 [8 Pac. (2d) 235], this court said:

"While the license ordinance may not discriminate in the burden of the charge placed upon those exercising the same privileges in the same manner within the same jurisdiction, the governing body of a municipality may classify business carried on within its limits and impose a license charge upon all those naturally falling within such class different in amount from that charged those within all other classes, fixing the different charges upon the separate classes by any standard or rule which is fair and reasonable and not confiscatory."

In Cooley on Taxation, fourth edition, volume 4, page 3433, the author says:

"Whether a license-tax is prohibitory is primarily a legislative question. All presumptions and intendments are in favor of the validity of the tax; . . . in other words, the mere amount of the tax does not prove its invalidity . . . The amount of the tax is not to be measured by the profits of the business taxed, and the mere fact that the particular person taxed conducted his business at a loss does not of itself make a tax unreasonable."

In *Pacific Ry. Adv. Co.* v. *Conrad,* 168 Cal. 91 [141 Pac. 916], a license fee of $100 per annum had been imposed upon the business of displaying advertisements in street cars and steam cars carrying passengers. This was four times the amount of the license fee imposed upon newspapers which carried similar advertisements and no license was required of those carrying on the business of displaying advertisements on billboards. There was evidence that the plaintiff in that action had theretofore carried on the business of displaying advertisements in street cars and other conveyances at a loss. In passing upon the question presented, as to whether this ordinance was so unjust, oppressive and discriminatory as to be illegal and void, the court said:

"The ordinance is clearly a revenue measure within the power of the municipality to pass. The limitations upon the exercise of this power are familiar ones, that a legitimate business such as this shall not be subjected to oppressive or unjustly discriminatory burdens. Within that limit there is full play for municipal discretion. (Citing cases.) It is

only when such an ordinance is clearly unjustly oppressive and discriminatory that the power of a court may be invoked to right the wrong. Manifestly there is and must be a broad zone dividing and delimiting upon the one hand those ordinances which are clearly reasonable and just from those which are as clearly unreasonable and unjust. In all that broad zone legislative discretion operates. It is doubtful territory. Ordinances falling within it cannot be set aside by the courts, for then there is a clear substitution of the judgment of the courts for the judgment of the legislature and thus plain judicial legislation. It would add nothing to this consideration to analyze and discuss the many cases presented for consideration by opposing counsel. The result of the consideration, however, may be declared in this—that the ordinance in question falls within the indicated zone where the view of a court may not be substituted for the determination of the legislature.''

In effect, the trial court found that the ordinance did not subject this particular line of business to oppressive or unjustly discriminatory burdens and was not prohibitive. It is admitted that the classification is proper and all within that class are treated alike. It does not appear that the operation of the business conducted by the respective appellants will be prohibited. There is no evidence as to the amount of capital invested by either appellant. The evidence as to the expense involved in operating these businesses includes not only salaries for those actually doing the work but salaries for the owners who live in other cities and spend but little time in Bakersfield. If the investment is small a considerable profit is shown when these salaries are considered. It appears that students in these schools work on customers who come for that line of work and that a charge is made for the work done by these students. Apparently this charge is lower than the charge for similar work done by the regular beauty shops in that city and it appears that these students pay considerable amounts by way of tuition and for the privilege of working on these customers. It thus appears that these schools possess a considerable advantage over the ordinary beauty shop with respect to the cost of doing the work in taking care of customers. While the evidence is vague and incomplete, it cannot be said from the record that the trial court was not justified in holding that the imposition of this license fee did not place these appellants in an unfa-

vorable position as compared to the beauty shops with which they were in fact competing. It may well be, in so far as the record shows, that even with this license these beauty schools are still in a more favorable position than their competitors. The trial court has in effect found that the license fee thus imposed is neither prohibitive nor unjustly oppressive as to these businesses and it cannot be said that this finding is without support in the evidence. We are not here concerned with the wisdom of this ordinance but with the power of the legislative body to adopt the same. A certain discretion rested in the city council, a question of fact was thereafter presented to the trial court, every intendment is in favor of the judgment rendered, and upon the record before us it cannot be said that it clearly appears that the constitutional rights of the appellants have been interfered with.

The judgment is affirmed.

Marks, J., concurred.