NIMMONS, Judge.
Smith challenges an order upholding Section 336.025, Florida Statutes (1985) (the local option gas tax), and a local ordinance imposing such a tax in Jackson County. We affirm.
Smith owns a truck stop adjacent to Interstate 10 in Jackson County. The truck stop employs 115 to 125 employees and derives 90% of its revenue from truckers, selling about seven million gallons of diesel fuel a year. The Board of County Commissioners of Jackson County advertised a public hearing to consider adopting a local ordinance imposing a five cent per gallon local option gas tax. After the hearing, the County Commission adopted the ordinance which imposed the tax commencing September 1, 1986.[1] Smith then filed a declaratory judgment action attacking the constitutionality of the statute authorizing the local option tax (Section 336.025) and the county ordinance imposing the tax.
At trial, which was held on August 8, 1986, Smith testified that his truck stop is in direct competition with other truck stops along Interstate 10 and that his business could not withstand more than a two cent per gallon increase in fuel prices. His witnesses testified that loss in fuel sales would also result in loss of business to the restaurant and garage as well, and would render his business not economically feasible.
The expert testimony presented on behalf of the appellant included testimony that sometimes as little as a 1/2 cent increase in fuel cost at the pump can cause truckers to “move on down the road” causing the business to be no longer economically feasible.
Appellant alleges the statute is: (1) arbitrary and discriminatory because it charges a tax to maintain Jackson County roads and some of the vehicles which purchase the gas do not travel on these roads; (2) arbitrary and discriminatory because it charges this tax only in Jackson County and not statewide; (3) oppressive because the addition of five cents to his fuel prices will force appellant out of business; (4) an unlawful delegation of legislative authority.
The first challenge goes to the classification scheme. “In the field of taxation particularly, the legislature possesses great freedom in classification. The burden is on the one attacking the legislative enactment to negate every conceivable basis which might support it.” Eastern Air Lines, Inc. v. Dept. of Rev., 455 So.2d 311 (Fla.1984). However, the imposition of such taxes must be made on some just and reasonable basis, such as the cost of providing services. James v. Gerrell, 137 Fla. 324, 188 So. 812 (1938). In the instant case, *1010 appellant has not shown that taxing every person who purchases fuel in the county in which the tax will be spent is not reasonably related to paying for transportation costs in that county. He has not shown how many vehicles pay such tax and do not use county roads. He has only shown that some persons pay that tax on some fuel who use only the interstate, which is presumably not maintained by the county.
The few courts which have overturned an excise or license tax on the basis of an arbitrary or discriminatory classification based the arbitrariness of the classification on the illegitimacy of the purpose of the tax. For example, in O’Connell v. Kontojohn, 131 Fla. 783, 179 So. 802 (1938), the court struck down a license tax which required bakery trucks from outside the city to pay $250 each. The license was based solely on residence of the licensee, and served no legitimate, reasonable purpose. The only purpose for such classification was to discriminate against out-of-city bakeries. It was therefore arbitrary. The court also emphasized that even where the classification is somewhat arbitrary, if the discrimination is not substantial, the statute will stand. In that case, the out-of-city bakeries would go out of business if forced to pay. In the instant case, as discussed infra, Smith has not demonstrated that he will go out of business. See also Olan Mills of Alabama, Inc. v. City of Tallahassee, 43 So.2d 521 (Fla.1949). Neither is the purpose for the tax illegitimate.
The classification is not suspect because it only taxes users in Jackson County. The classification treats all persons buying gas in Jackson County alike. It does not charge an additional tax for nonresidents who purchase gas in Jackson County. In O’Connell and Olan Mills, the tax treated similarly situated persons differently. Here, every one who purchases fuel must pay the tax. Even if it incidentally gives some advantage to a business in another county, it is valid. In Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla.1972), where the oil company alleged that it was at a competitive disadvantage because the county taxed it but did not tax competing fuel providers such as coal, electricity, or bottled gas providers, the tax was upheld, the court quoting Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320 (1932):
Perfect equality in the operation of laws imposing a tax on real estate is recognized as impossible. It is even more difficult to arrive at uniformity in the operation of an excise tax, but mere inequality or lack of uniformity in its operation is no bar to its enforcement. It must be so arbitrary and oppressive as to clearly amount to a denial of due process or equal protection, and where, as here, the public health or safety are involved, the ultimate test is whether or not the excise tax is so arbitrary or oppressive as to prohibit a great number, if not all, persons from pursuing occupations otherwise lawful.
Id. at 123. Likewise, in the instant case, although everyone in the state is not taxed equally, the taxation is not arbitrary. Some advantage by other providers is not constitutionally fatal.
Neither is the tax shown to be oppressive to constitutional proportions. As appellee points out, the testimony merely showed that if the entire excise tax were passed on to the customer, sales would drop drastically. However, there was no showing that Smith could not still offer gas at a competitive price and make a profit, while absorbing a portion of the tax. In addition, as Gray and Belcher point out, there must be a showing that a great number, if not all, persons pursuing their occupation would be forced out of business. Smith has shown, at most, that his business will suffer. He has not indicated any effect on other fuel providers in Jackson County. In City of St. Petersburg v. Coastal Theatres, 43 So.2d 525 (Fla.1949), the challenger met the standard of demonstrating that many, or all, providers would go out of business if the 1200% increase in tax stood. The instant appellant has not carried that burden.
Finally, appellant has not persuaded us that the challenged statute is an unlawful delegation of legislative authority. In *1011 Belcher, supra, the court held that a statute authorizing municipalities to levy a tax on the purchase of public utilities in an amount not to exceed ten per cent was not an unconstitutional delegation of authority by the legislature. The instant case is not materially distinguishable. The county is entitled to determine whether to levy the excise tax on purchase of fuel, not to éx-ceed six cents. There is nothing to indicate that the county has unbridled discretion in applying the law.
An example of a similar statute that erroneously delegates legislative authority is contained in State v. Christiansen, 142 Fla. 537, 195 So. 153 (1940). There, the board had discretion to cancel taxes for prior years that were unpaid. That law allowed the board to apply the tax unequally to different parties. The instant law treats all persons purchasing fuel in the county the same. There is no discretion on the part of the county to apply the tax differently to particular similarly situated parties. The county must pass an ordinance after which all parties are treated the same. The maximum amount the county can tax and the use of such revenues are covered by the authorizing statute, which contains no vague terms. The mere fact that the county may levy a tax for between 1 to 30 years and from between 1 and 6 cents per gallon does not give the county unbridled discretion, nor does it create, a circumstance where a reviewing court cannot tell whether legislative intent is being carried out.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

. Previously, the Board of County Commissioners had imposed, effective January 1, 1986, pursuant to approval by referendum, a one cent "voted gas tax” under Section 336.021, Florida Statutes.