J. F. BATEMAN v. CITY OF WINTER PARK, a municipal corporation, MRS. PANSY DAVIS, as city clerk of the City of Winter Park, and B. R. COLEMAN, as Mayor-Commissioner, and JAMES KEEZEL, HAROLD MUTISTAUGH, MARDON E. COOK, and ROBERT R. MILLER, City Commissioners.

36 So. (2nd) 362                                      June Term, 1948
October 26, 1948                                        Division B

*Sam E. Murrell* and *Sam E. Murrell, Jr.,* for appellant.
*Waldo H. Plympton,* for appellee.

.BARNS, J.:

The appellant brought his bill seeking an injunction against the appellee to enjoin the municipality and its authorities from molesting or interfering with the operation of a business wherein intoxicating liquors were proposed to be sold for consumption either on or off the premises. The plaintiff's bill alleged that he had been issued a license in the State for such purposes and had tendered his license tax to the proper municipal authorities, which tender had been refused by them.

The defendants answered, admitting the issuance to the plaintiff of the change in license by the State of said beverage license, on January 28, 1948, which license was from a package store to a bar, and stated that it refused to accept the license tax from the plaintiff because it alleged that the license issued to plaintiff by the State was contrary to Section 561.34, Florida Statutes, as amended by c. 23746, Laws of Florida, 1947, subsection 4, because the City of Winter Park has a population of approximately seven thousand persons, according to the last official census; that on May 24, 1947, there were

seven licenses for the sale of intoxicating beverages in said City of Winter Park; that when said last mentioned act became effective, it restricted such licenses to one license for each twenty-five hundred residents or major fraction thereof, and that it is not legally permitted to issue any new licenses because of the restrictions contained in said act, and that to change the license from the package store to consumption on the premises would be, in effect, licensing a new business.

The pertinent statutory provision is as follows:

"(4) No license under subsections 3 to 8, inclusive, of Section 561.34, Florida Statutes, 1941, shall be issued so that the number of such licenses within the limits of any incorporated city or town or in the territory of any county lying outside of such cities and towns therein shall exceed one such license to each 2500 residents, or major fraction thereof, within such county outside of the limits of such city or town as shown by the last census, either Federal or State, of such county or city or town; provided, however, that such limitation shall in no event be such as to prohibit the issuance of at least two such licenses in any such cities or towns or not less than three such licenses in any county as to territory lying without the limits of such cities or towns."—Section 561.20, F.S. 1941, F.S.A., as amended by c. 23746, Acts 1947.

At final hearing the chancellor entered a final decree dismissing the bill, with the thought that under the law the plaintiff could not lawfully be issued a license by the State for a bar as distinguished from a package store, and a renewal of plaintiff's license therefor, for the sale of intoxicating liquors.

Section 561.36 Florida Statutes, provides as follows:

"Each incorporated city or town in the state may levy and collect a license tax on each . . . vendor . . . within the corporate limits of such city or town, not to exceed 50 per cent of the state and county license tax herein provided, but if such city or town provides and collects such license tax the . . . vendor . . . paying such license tax shall be entitled to a reduction in his state and county license tax, of the amount so paid for such city or town license tax, upon exhibiting to the

County Tax Collector a receipt for the payment of such city or town license tax."

It will also be observed by reading the applicable ordinances of the City of Winter Park, attached to the bill of complaint, that there is no ordinance of said City against operation by the plaintiff of a business for consumption of beverages upon the premises.

In Volume 30, American Jurisprudence, Page 296, Paragraph 73, it is said:

"In general, a license is a permit or authorization to do what, without a license, would not be lawful."

In Paragraph 74 of the same volume and page, it is said: "The difference between a liquor license fee and a tax may be thus stated: Where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where the fee is exacted solely for revenue purposes, and payment of such fee gives the right to carry on the business without the performance of any other conditions, it is a tax."

A perusal of the City Ordinances of the City of Winter Park, attached to the bill of complaint, fails to disclose that the operation of a bar would be in violation of such ordinances, provided his license tax was paid. Under the circumstances of this case there can be no question but that the city has no authority to refuse to accept the license tax tendered to it by a person engaged in the sale of intoxicating beverages, who has been licensed by the State to engage in such business.

Since it does not affirmatively appear that there is any restriction in law against the issuance of a bar license by the State to the appellant in lieu of a package store license, and since the State has issued a bar license, it appears that it is the duty of the city to accept the tender of payment of the tax, and that an appropriate injunction should issue.

The decree appealed is reversed.

THOMAS, C. J., ADAMS and HOBSON, JJ., concur.