B. HAMILTON v. C. E. COLLINS, Chief of Police, City of Quincy.

154 So. 201.

Opinion Filed March 17, 1934.

*Waller & Pepper, Charles S. Ausley* and *Leroy Collins,* for Petitioner;

*Blake & Taylor,* for Respondent.

BUFORD, J.—The petitioner was arrested, charged with violation of a certain ordinance of the City of Quincy. The affidavit upon which he was arrested was as follows:

"Before me, Edgar S. Blake, Municipal Judge in and for the City of Quincy, Florida, personally came C. E. Collins, who being duly sworn, says for FIRST COUNT: That on the 21st day of February, A. D. 1933, in the City aforesaid, one B. Hamilton did take orders for wholesale delivery of

bread without a license so to do having been procured from said City.

"And for SECOND COUNT: That on the 21st day of February, A. D. 1933, in the City of Quincy, Florida, one B. Hamilton did sell bread at wholesale without a license so to do having been procured from said City, contrary to the ordinance in such cases made and provided, and against the peace and dignity of the City of Quincy."

The pertinent part of the ordinance was as follows:

"SECTION ONE: That each person, firm and corporation who take or solicit orders for wholesale delivery or who sell at wholesale any bread, rolls or cake in the City of Quincy, Florida, and who maintain an established place of business in said City for the purpose of soliciting or taking said orders or making said sales, shall pay to the said City a license of Ten Dollars; Provided, however, that said license shall not be required of the agent or agents of any person, firm or corporation who have paid said license.

"SECTION TWO: That each person, firm and corporation who take or solicit orders for wholesale delivery or who sell at wholesale any bread, rolls or cake in the City of Quincy, Florida, and who do not maintain an established place of business in said City for the purpose of soliciting or taking said orders or making said sales shall pay to the said City a license of Fifty Dollars; Providing, however, that said license shall not be required of the agent or agents or of any person, firm or corporation who have paid said license."

It will be observed that the ordinance applies to two separate sorts of transactions in that it applies, first, to all persons not maintaining a place of business for that purpose in the City of Quincy who solicit orders for wholesale delivery for bread, rolls or cake to be delivered in the City

of Quincy. Then it applies to all persons who sell at wholesale any bread, rolls or cake in the City of Quincy and who do not maintain an established place of business in said city for the purpose of soliciting or taking orders or making such sales. The ordinance provides that all persons maintaining an established place of business in the City of Quincy for the purpose above mentioned shall pay a license of $10.00 and that all persons not maintaining such place of business in the city who engage in such business shall pay a license tax of $50.00.

The ordinance can by no reasonable construction be held to be one adopted in the exercise of the police power of the municipality. It is purely a revenue measure.

The petitioner was a salesman representing a bakery located in Jacksonville, Florida.

Insofar as the ordinance attempts to lay the $50.00 license fee against those who take orders for future delivery of bread, rolls and cakes, etc., at wholesale, which bread, rolls or cakes, are manufactured in a place beyond the limits of the municipal corporation of the City of Quincy and which orders so taken for future wholesale delivery are accepted by the manufacturer and the merchandise shipped to the vendee, it will be held invalid on authority of the opinion and judgment in the case of Duffin v. Tucker, Chief of Police of the City of Cocoa, filed at this Term of Court. and reported in 113 Fla. 621, 153 So. 298.

The other provision of the ordinance which lays the $50.00 tax on the person, firm or corporation which sells at wholesale bread, rolls or cakes, etc., in the City of Quincy without maintaining an established place of business in the city for such purpose presents a different question from the question presented in the case of Duffin v. Tucker, *supra*.

As we construe this provision of the ordinance, it applies to those making sales which are consummated entirely within the City of Quincy, that is, this provision contemplates delivery coincident with the sale, and the question presented for our determination is whether or not the classification applied in this phase of the ordinance violates the Fourth Amendment to the Federal Constitution and of our Declaration of Rights, which guarantee equal protection of law.

This ordinance specifically provides that said license shall not be required of the agent or agents of any person, firm or corporation which has paid the $10.00 license required for those who maintain an established place of business in the City of Quincy for the sale of bread, rolls or cakes, etc., wholesale.

And so it is, that if one maintains an established place of business in the municipality for the purpose of selling bread, rolls and cake, etc., wholesale, he may employ as many agents or salesmen as he sees fit, to call on the trade, sell and deliver bread, rolls and cake, etc., without paying any additional tax. A like provision applies to those engaged in the like business but who do not maintain an established place of business for that purpose in the City of Quincy and who pay the $50.00 license required under those conditions.

So it is that the only question to be determined in construing this portion of the ordinance is whether or not the classification is justified.

Counsel for respondents have relied, with confidence, on the opinion and judgment in the case of Singer Sewing Machine Co. v. Brickell, 58 Law Ed. 974. We think that case is to be differentiated from this one; that in that case the lower tax was laid on all who sold sewing machines at established places of business only, while the greater tax

was laid on all who sold such machines through traveling vendors. This is apparently the reason for the sustaining of the validity of the statute there under attack which is evident from the language used in closing the opinion, as follows:

"It is quite plain, however, from a reading of the entire section, that the business of selling sewing machines by traveling salesmen is intended to be taxed, and the business of selling them at established places of business is intended to be left untaxed, so far as this section is concerned, although the machines sold at these places be delivered by wagons. Complainant is engaged in doing business of both kinds, and with respect to the itinerant sales it is subject to the tax under the section referred to."

Under the ordinance here in question, one having an established place of business in the City of Quincy may pay a $10.00 license fee and then adopt any system that he sees fit for disposing of his merchandise at wholesale in the city and is required to pay no additional license. While one whose place of business is outside the City of Quincy must pay a license fee of $50.00 to transact that business in the City of Quincy, using the same methods of procuring orders and effectuating deliveries that are used by his competitor with a place of business in the City of Quincy.

It is contended that the classification may be justified because one who has an established place of business in Quincy is required to pay, either directly or indirectly, *ad valorem* tax and other local taxes. If the classification can be sustained upon this theory then a classification on the basis of residence can be equally sustained because if one maintains his residence within a certain municipality he is subject to the imposition of *ad valorem* and other taxes. And we have heretofore held that "classification for the

purpose of imposing occupation license taxes which arbitrarily discriminate between residents and non-residents on the ground of residence alone and without other justification in point of fact are usually rejected as discriminatory, particularly if such classification operates to exclude the non-resident solely on account of his residence." Hardee v. Brown, 56 Fla. 377, 47 Sou. 834; Dusenberry v. Chesney, 97 Fla. 468, 121 Sou. 567.

McQuillan on Municipal Corporations, 2 Ed., Vol. 3, Section 1101, says:

"License fee or tax must be uniform—Discrimination.— Constitutional provisions requiring that taxation shall be equal and uniform throughout the State have no application to the taxation of trades, professions and occupations, but apply only to direct taxation on property as such. However, the rule is that all persons engaged in the same occupation, profession or class of business, must be taxed equally and uniformly. Hence, an ordinance which discriminates against non-residents and in favor of residents by imposing a license tax in a different manner or at a different rate from that imposed on residents is unconstitutional. So all ordinances which discriminate in the license tax imposed by them against persons or products of other States are uniformly held void as in violation of the Federal Constitution. And the rule is also uniformly enforced that any discrimination as to persons of a class, in the ordinance imposing the license will invalidate the legislation and render the collection of the license fee void. Various applications of this principle appear in the judicial decisions. Thus, an ordinance which imposes an occupation tax on a gas plant which furnishes light, heat and power to the public and does not impose the same tax on an electric plant which also furnishes light, heat and power is violative of a con-

stitutional provision requiring such tax to be uniform upon persons and property. So an ordinance making length of residence in the city the ground of discrimination in the imposition of license fees for driving in public highways is unreasonable and void. So an ordinance requiring a license of one hundred dollars to conduct a meat shop in one part of the city, and twenty-five dollars in another, was declared unfairly discriminating and void. So an ordinance providing for a liquor license which imposed different rates on sellers doing business on different streets was declared void. So a license ordinance which fixed one rate for selling goods and another much larger license for selling goods which were not in the city or in transitu to it, was held invalid as unjust, unequal, partial, oppressive and in restraint of trade.

"Classification of the subjects of license must be based upon reasonable distinctions. The amount of the tax may be graduated upon a fair and equitable basis. Business requiring special watching and attention to prevent fraud, imposition or crime may be discriminated against by the city in imposing licenses. Where the license fee is fixed at a given sum the fact that under the power conferred by the charter a license may be withheld from one who might, because of immorality, want of qualifications, etc., be deemed unsuitable to conduct the business, is not discrimination between persons. So an ordinance which merely discriminates between different localities of the corporation according to the advantage they may present for the business for which license is sought, leaving all persons at equal liberty to apply for license in whatever locality they think proper and making no distinction between persons, but between places only, is open to no objection. So a license imposed on the occupiers of private markets, although no license was

charged for selling meats and vegetables in the public markets was held valid.

"The right to use public streets for private purposes of gain is not a vested right, but a privilege subject to regulation and, as such, may be made to depend on citizenship. Thus an ordinance providing that no license shall be granted for any motor vehicle to be used for transportation of persons for hire except to a citizen of the United States was sustained."

The ordinance could be sustained as valid if there were essential difference in the modes of conducting the business by one who has an established place of business in the municipality, and by one who does not have such established place of business in the municipality. See *Ex parte* Smith, 100 Fla. 1, and cases there cited. For instance, if one having an established place of business could operate under the $10.00 license only so long as .he conducted his sales at his place of business but was required to pay the amount of the additional license for the privilege of sending his agents and salesmen to interview the trade and to make the sales at the point of delivery, there would be no unlawful discrimination.

Counsel for respondent also rely on the opinion and judgment in *Ex Parte* Haskell, 112 Cal. 412, 44 Pac. 725. In that case it appears that the ordinance was aimed at itinerant vendors, not those selling at wholesale, but who were engaged in selling articles of merchandise to persons not regularly engaged in or carrying on such line of business. In other words, the ordinance there involved was aimed at those persons who were selling at retail, from samples or otherwise, and who had no regularly established place of business.

We find that in practically all the cases where ordinances of this sort have been upheld it has been because of the difference in the manner of transacting the business and not because of the fact that one having an established place of business was entitled to be classified for taxing purposes differently from those who do not have an established place of business in that State or municipality. But here the classification is not based on the method of transacting the business but is based merely upon the fact that one may have an established place of business in the municipality while the other has not. They may both under the statute adopt identical methods of disposing of their merchandise and one will be required to pay a $10.00 license tax and the other a $50.00 license tax.

We can find no reasonable basis for the discrimination and, therefore, hold the ordinance invalid.

The petitioner should be discharged from custody.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.