EMMETT FARRIS, and/or ROBERT SMITH, v ARTHUR HALL, Chief of Police, Lake City.

156 So. 114.
Opinion Filed June 14, 1934.
Petition for Rehearing Denied July 13, 1934.

*Hampton, Jordan & Lazonby,* for Petitioners;
*R. H. Chapman,* for Respondent.

BUFORD, J.—The petitioners Robert Smith and Emmett Farris were arrested and convicted in Lake City, Florida, under an affidavit in the following language:

"Before me, the Judge of the Municipal Court of the City of Lake City, Florida, a municipal corporation, personally appeared Arthur Hall, who first being duly sworn deposes and says: That on the 21st day of November, A. D. 1933, within the incorporate limits of the City of Lake City, Florida, the said Robert Smith and/or Emmett Farris did sell, and/or deliver, goods, wares and merchandise from a motor truck to merchants within the incorporate limits of Lake City, Florida, and which said motor truck of and from which goods, wares and merchandise were so sold and delivered by the aforesaid defendants within the incorporate limits of the City of Lake City, Florida, property of Farris

& Company, a corporation. The said defendants were doing business within the City of Lake City, Florida, from a motor truck by the sale and delivery of its goods, wares and merchandise therefrom, and said defendants had no fixed location or place of business within the City of Lake City, Florida. The said Robert Smith and Emmett Farris, and/or Farris & Company had not at the time of the aforesaid sale procured or obtained a license authorizing the transaction of business within the City of Lake City, Florida, as required by the ordinances thereof; and against the peace and dignity of the said City of Lake City, Florida, a municipal corporation, contrary to the ordinances thereof in such cases made and provided.

"ARTHUR HALL.

"Sworn and subscribed to before me this the 1st day of February, A. D. 1934.

"W. BRANTLEY BRANNON,
*Municipal Judge.*"

The affidavit charges an offense which could properly be the subject of a municipal ordinance. It charges in effect that the accused engaged in peddling. There is no contention that the petitioners were engaged in peddling.

The record shows, however, that the charge was not based on an ordinance imposing a license tax on peddling

The return shows that the ordinance, the violation of which was attempted to be charged against the petitioners, contained the following provisions, which it is contended the petitioners violated:

"Section 1. That each and every person, firm or corporation, or their agents, selling and/or delivering any goods, wares or merchandise, including bakery products and bottled beverages from any itinerant motor truck or other vehicle in the City of Lake City, Florida, whether an order

therefor has been previously given by the buyer, and/or an order taken therefor previously by the seller thereof or not, shall pay to the City of Lake City, Florida, an occupational license tax therefor of the sum of Fifty ($50.00) Dollars per annum."

There is no material difference between the law and facts involved in this case and the law and facts which were involved in the case of Duffin v. Tucker, in which the original opinion and judgment were filed here on November 16, 1933, and opinion and judgment on rehearing were filed on March 17th, 1934, reported 153 Sou. 298.

On authority of the opinion and judgment in that case, the petitioners should be discharged from custody.

It is so ordered.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.—Petitioners in this case were not discharged for insufficiency *per se* of the ordinance of Lake City they were accused of violating, but because the *facts of this case* as disclosed by the record, clearly show that it is within the ruling of this Court made in Duffin v. Tucker, 113 Fla. 621, 153. Sou. Rep. 298.

In that case it was held that a municipality may not by fine and imprisonment enforce payment of a license tax as attempted to be exacted against mere salesmen, who simply take orders in a city for goods to be afterward delivered to the customers after such orders are accepted by outside dealers doing business in another place in the State of Florida, and properly licensed where they maintain their principal places of business to do the business they carry on.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.