A. I. LANGSTON v. N. B. LUNDSFORD, as Police Officer of the City of Panama City.

165 So. 898.

Division A.

Opinion Filed February 19, 1936.

H. H. Wells, B. K. Roberts, William K. Whitfield, and C. N. Ashmore, all of Tallahassee, for Petitioner;

J. M. and H. P. Sapp, for Respondent.

BROWN, J.—The petitioner for the writ of habeas corpus, A. I. Langston, of Leon County, Florida, alleges that he is unlawfully detained by the respondent, a police officer of Panama City, Florida, by virtue of a judgment of the municipal court of Panama City, Florida, predicated upon an affidavit and testimony, copy of which is attached.

On habeas corpus proceedings, the court will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that, to the charge preferred, no criminality is attached by law, the party imprisoned is entitled to his discharge. Ex parte Bailey, 39 Fla. 734, 23 So. 552; Bell v. Gregory, 89 Fla. 293, 103 So. 832; Crosby v. Chapman, 153 So. 149, 114 Fla. 19; State, ex rel Cacciatore v. Drumwright, 116 Fla. 496, 156 So. 721.

The affidavit upon which petitioner was convicted charged that on October 29, 1935, in Panama City, Florida, "he did engage in the business of soliciting and taking orders or requests for vinous, malt and alcoholic liquors for Tampa Florida Breweries, an organization engaged in the business of distributors of such liquors and which had not paid a license in the City of Panama City for such business, he,

the said Langston, not having obtained the license. required, contrary to the ordinance in such cases made and provided," etc.

The ordinance, No. 220, relied on by respondent, provides that "each and every person who shall engage in the business of soliciting and taking orders or requests within the City of Panama City for vinous, malt or alcoholic liquors, for persons, business houses or organizations engaged in the business of distributors of such liquors who shall not have paid a license to the City of Panama City for such business and for delivery within the City of Panama City and when the same shall not constitute interstate commerce, shall prior to so engaging in such business of soliciting or agency, obtain from the city a license for such privilege," etc., fixing the amount of the license, and the fine or imprisonment for its violation. This ordinance was adopted September 28, 1935.

Panama City has under its charter a general power to impose a tax "upon any and all business, professions or occupations engaged in or carried on, either wholly or in part, "within the city, "whether the same be taxed by the State or not." It is argued that this authorized the adoption of the ordinance in question.

But if this particular attempt to exercise the general charter power referred to, as represented by this ordinance, was in violation of, or repugnant to, a State law, which had the effect of taking away from the city the power to adopt such an ordinance, then the charge upon which petitioner was tried and convicted in the municipal court stated no offense to which any criminality could be attached.

In May of 1935, the Legislature adopted Chapter 16774, which is a general statute designed to cover the field of both regulation and taxation of the manufacture, distribu-

tion and sale of all beverages containing more than one per cent. of alcohol. This Act provides what licenses manufacturers and distributors and vendors shall pay, and a licensed distributor is authorized to sell to other licensed distributors and licensed vendors, not only within the county where his, or its principal place of business is located, but elsewhere in the State, and authorized them to transport, or cause to be transported such beverages covered by their licenses from one place in this State to another in this State, or beyond its boundaries, for sale at wholesale, except in counties in this State where their sale is prohibited. And they are authorized to maintain branch offices within, or without the State, but for each and every branch establishment conducted, an annual license is required. In Section 5 of the Act it is provided that: "It shall not be necessary for the employees, agents or servants of any licensee to obtain a license to engage in the business herein referred to as such agents, servants or employees of such licensee."

Section 7 of the Act reads as follows:

"Each incorporated city or town in the State of Florida is hereby authorized to levy and collect a license tax on each manufacturer, distributor, vendor and club having a place of business or club house or club rooms within the corporate limits of such city or town not to exceed 50 per cent. of the county license tax herein provided, but if such city or town provides and collects such license tax the manufacturer, distributor, vendor or club paying such license tax shall be entitled to a reduction in his county license tax of the amount as paid for such city or town license tax, upon exhibiting to the County Tax Collector a receipt for the payment of such city or town license tax. Such city or town license shall not apply to state and county licensees who shall have paid their state and county license tax before

the ordinance providing for such city or town license tax shall have become effective. No tax on the manufacture, distribution, transportation, importation or sale of such beverages shall be imposed by way of license, excise or otherwise, by any municipality, anything in any municipal charter, special or general law to the contrary notwithstanding, except as herein expressly authorized."

So it appears that a duly licensed manufacturer or distributor whose principal place of business, or branch, is located in some other city of Florida, has, under the statute, the right to sell the licensed alcoholic beverages to other licensed distributors, or to vendors of such beverages, and transport and deliver them, at wholesale, in Panama City *without paying that city a license,* and if he can do that the necessary implication is that he, or his employees, can solicit orders or requests for deliveries of such beverages as he is authorized by his state license to sell and deliver. The ordinance in question is therefore in conflict with, and repugnant to, the state statute, at least insofar as such ordinance is attempted to be enforced against a duly licensed manufacturer or distributor, or his agents or employees, whose place of business or plant is located in some other county or city, as in this instance, and who, under the State law, is not required to obtain a license from Panama City in order to authorize him to sell and deliver such beverages therein. Any other construction would make it possible to utterly defeat the plain purpose of this comprehensive statute.

The general rule that a general Act will not be held to impliedly repeal or modify a special or local one, is subject to the qualification that this rule does not apply where the general Act is a general revision of the whole subject, or where the two Acts are so repugnant and irreconcilable as

to indicate a legislative intent that the one should repeal or modify the other. Sanders v. Howell, 73 Fla. 563, 74 Sou. 802; State v. So. Land Co., 45 Fla. 374, 33 So. 999; Steward v. Special Road Dist., 71 Fla. 158, 71 So. 42; State v. Sanders, 79 Fla. 835, 85 So. 333.

But here Section 7 of the state statute expressly provides that no tax shall be placed on the manufacture, distribution, transportation, importation or sale of such beverages by way of license, excise, or otherwise, by any municipality, anything in the municipal charter to the contrary notwithstanding, "except as herein expressly authorized." That provision disposes of this case, clearly showing the legislative intent that no such ordinance as the one here in question should be adopted or enforced by any municipality in the State.

No doubt the same conclusion could be arrived at from an application of the principles announced in the case of Duffin v. Tucker, 113 Fla. 621, 153 So. 298, wherein an ordinance of the City of Cocoa, Fla., levying a license tax on persons selling, soliciting or delivering goods, wares or merchandise in the city, either wholesale or retail, but exempting salesmen for concerns doing business in some other state or county, was held invalid as attempting to confer extra-territorial jurisdiction on the city. See also Hamilton v. Collins, 114 Fla. 276, 154 So. 201; Farris v. Hall, 115 Fla. 433, 156 So. 114.

The holding here is not in conflict as we see it, with the holdings in Conova v. Williams, 41 Fla. 509, 27 So. 30, or Afro-American, etc., Asso'n v. State, 61 Fla. 85, 54 So. 384.

The evidence in this case showed that the petitioner, Langston, was a truck driver for the Tampa Florida Breweries, which company was a duly licensed manufacturer and

distributor of 3.2 per cent. beer; that its brewery was located in Tampa and that it had several division headquarters in the State, the one for West Florida being located in Tallahassee; that Langston delivered beer to the company's customers from Tallahassee warehouse on standing orders from customers, some of whom were located in Panama City. These customers were retail dealers, referred to in the statute as "vendors." That Langston left Tallahassee with instructions to deliver a certain number of cases of beer to each of several customers and while in Panama City he did solicit a few orders from prospective new customers, and that he was authorized so to do by the company. It is not denied that the company had paid all necessary State and county licenses and was entitled to engage in the business of a distributor.

As the affidavit upon which the petitioner was tried and convicted in the municipal court wholly failed to charge any offense to which any criminality was attached under the law, the motion for discharge from the custody of the respondent is granted.

Petitioner discharged from custody.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.