WALTER E. WHIDDON v. D. L. VICKERS, Chief of Police of the City of Jasper.

172 So. 923.
Opinion Filed March 4, 1937.

*Hampton, Jordan & Lazonby,* for Plaintiff in Error;

*F. B. Harrell,* for Defendant in Error. ·

BUFORD, J.—The writ of error is to an order remanding petitioner to custody in habeas corpus proceedings.

Petitioner had been convicted of violation of a city ordinance of the City of Jasper, Florida, Section 1 of which is as follows:

"Section 1.   That all persons, firms or corporations that are engaged in business of sale or of disposing of any bakery products including bread, cakes, pies, pastries and all other bakery products and all persons, firms or corporations engaging in the business of selling or disposing of any furniture or other goods, wares or merchandise in the City of Jasper, Florida, and all persons, firms or corporations engaged as solicitors, agents and peddlers for any laundry, pressing club, or tailoring clothes, soliciting orders for the laundrying, cleaning or making of clothing and delivering same in the City of Jasper, Florida, shall be required to pay a license fee for each person, firm or corporation so engaging in any such business the sum of $100.00, which said license fee shall be paid before any such person, firm or corporation shall so engage in such business in the City of Jasper, Florida, and shall be a license for the license year in which such license shall be issued and in no case shall such license rate be prorated; provided, however, that this ordinance shall not apply to persons, firms or corporations who maintain a store, bakery, warehouse, laundry, pressing club or other permanent place of business in the City of Jasper, Florida, but shall apply to persons, firms or corporations who sell and dispose of such commodities from automobile, trucks, wagons, drays, box-cars, or other vehicles without maintaining a store or other permanent place of business in the City of Jasper, Florida."

The ordinance was later amended, changing the license fee from $100.00 to $15.00.

The record discloses that the Gainesville Laundry of Gainesville, Florida, operated a laundry in Gainesville. Whiddon, an employee of the laundry, went to Jasper to solicit and collect articles to be laundered by the Gainesville Laundry in Gainesville, Florida. Such articles are accepted by the agent in Jasper subject to approval by the Gainesville Laundry. A special employee examines the articles upon their arrival at the laundry and if he rejects them as not being suitable for laundering, etc., they are returned to the owner unlaundered. If they are approved by the Gainesville Laundry through its employee they are laundered and then returned to the owner. Gainesville Laundry maintains no place of business in Jasper. It has paid no license tax in Jasper, but it has paid a State, County and City tax in Gainesville.

It will be observed that the ordinance specifically provides that the ordinance shall not apply to persons, firms or corporations who maintain a store, bakery, warehouse, laundry, pressing club or other place of business in the City of Jasper, Florida, but shall apply to persons, firms or corporations who sell and dispose of such commodities from automobiles, trucks, wagons, drays, box-cars or other vehicles without maintaining a store or other place of business in the City of Jasper.

The judgment should be reversed upon authority of the opinion and judgment in the case of Duffin v. Tucker, 113 Fla. 621, 153 Sou. 298; Farris v. Hall, 115 Fla. 433, 156 Sou. 114, and Hamilton v. Collins, 114 Fla. 276, 154 Sou. 201.

It is not necessary for us to discuss the law of the case further than it has been discussed in those opinions.

For the reasons stated, the judgment is reversed with directions that judgment be entered discharging the petitioner.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL and DAVIS, J. J., concur.

Brown, J., not participating.