B. B. LANE, v. H. E. WILLIAMS, as Chief of Police of Jasper, Florida

37 So. (2nd) 163  June Term, 1948
October 19, 1948  Division B

888

*Lazonby & Dell, J. Lance Lazonby,* for appellant.

*F. B. Harrell,* for appellee.

*Castle, Brintlinger & Carey* (Chicago, Illinois) as amicus curiae.

ADAMS, J.:

B. B. Lane was convicted of peddling in the City of Jasper without first procuring an occupational license. The conviction was reviewed in the circuit court upon habeas corpus. He was remanded to custody and allowed this appeal.

Lane is an employee of Jewell Tea Company located in Jacksonville. Lane's duties are to solicit orders for merchandise from regular customers. His practice is to follow a regular route every two weeks and to call upon regular customers only. He solicits orders for delivery on his next trip. Samples of merchandise are carried for inspection. The controlling question here arises by reason of occasional sale on the spot of shopworn samples or refused merchandise. These sales are made only to regular customers and in no instance do they exceed five per cent of the gross sales for any trip. The City insists that these "spot sales" call for a peddler's license whereas Lane claims that they are only an incident to his business. Without question the ordinance has no application except for the "spot sales." See Duffin v. Tucker, 113 Fla. 621, 153 So. 298; Farris v. Hall, 115 Fla. 433, 156 So. 114. " . . . If itinerant selling is purely an incident of another principal business, then it is not peddling. . . . "—40 Am. Jur., Sec., 13, page 918.

The authorities have not clearly defined peddling. Indeed it would be difficult. At most it can little more than be described. The very idea suggests something quite different from what Lane was doing. To peddle suggests a sale and delivery to whom ever the occasion presents and an immediate consummation of the transaction. See City of Mt. Sterling v. Donaldson Baking Co., 287 Ky. 781, 155 S.W. (2nd) 237; Haller. Baking Co. v. Borough of Rochester et al., 118 Pa. Super 501, 180 Atl. 108; National Baking Co. v. Zabel, 227 Wis. 93, 277 N.W. 691; State v. Amick 171 Md. 536, 189 Atl. 817.

The invalidity of the ordinance is suggested. However our conclusion is that it is inapplicable to Lane and therefore we will not pass upon its validity.

The judgment is reversed.

Thomas, C. J., BARNS and HOBSON, JJ., concur.