## TOWN OF SURFSIDE v. HOWES.

Municipal Court of Surfside.

April 11, 1955.

Frank J. Kelly, Miami, for the town.

Will M. Preston, Anderson, Scott, McCarthy & Preston, Miami, for the defendant.

HARRY A. GREENBERG, Municipal Judge.

Defendant Leslie James Howes was charged with violating section 16.31 of the code of the town of Surfside by "renting, leasing or hiring, or offering to rent, lease or hire, an automobile, without first having procured a license from the Town Clerk." Section 16.31 of the town code provides—"It shall be unlawful for any person to rent, lease or hire or offer for rent, lease or hire by advertising the same in a newspaper or in any other manner in the town any automobile unless such person shall have first procured a license from the town clerk which license shall be issued to each person upon compliance with the provisions of this article and upon receipt of the license fee as provided in the following section or as may otherwise be provided by law." (Ord. No. 114, Sec. 2.)

The evidence produced at the trial revealed that the defendant is an employee of the Couture National Car Rental System, which

has a principal office in Miami Beach, as well as other offices throughout the state. It has paid the required occupational license taxes in all cities where it has active operations, and has obtained the required state and county occupational licenses in the counties in which it operates. It does not maintain an office or rental agency of any kind or character within the corporate limits of Surfside, nor does it supply personnel to any place of business at any address in the town. There was no showing by the town that it has a place of business of any kind within the town or any business connection with any hotel or apartment therein. There was no evidence to contradict defendant's testimony that his employer does not maintain any billboards or other advertising signs in the town and that it has never advertised that rental cars may be obtained at any location therein. In none of defendant's employer's listings in the telephone book has it listed a business location or office therein.

The only evidence produced at the trial on behalf of the town was to the effect that the arresting officer observed the defendant delivering a car to one of his employer's customers, that he ascertained from him that he did not have a license to operate in Surfside, whereupon the officer placed him under arrest. The officer testified that the person to whom the car was delivered stated that he called up the Couture company in Miami Beach and requested that a car be delivered to him. It is admitted that no contract was signed between the client and the company in the town of Surfside.

The evidence submitted by the defendant disclosed that a switchboard operator employed in Miami Beach by the company received a telephone call from a person who had dealt with it in the past, who was a guest at a hotel located in Surfside, and who requested that a car be delivered to him at the hotel. The company in turn notified defendant to make the delivery from a location in Miami Beach. The client did not sign a rental agreement in Surfside, in fact, at the time of trial such rental agreement had not been signed. The evidence did disclose that the person desiring the car was going to sign the agreement on his return to Miami Beach. It was further shown that it is the custom in the trade of renting automobiles to consider such transactions completed in Miami Beach, except for the actual delivery of the vehicle.

The town contends that this activity on defendant's part constituted renting, leasing or hiring or offering to do the same within its limits, thereby necessitating the procuring of a license, and since such license was not procured the defendant is guilty of violating the code provision.

Defendant argues that the ordinance is invalid in that it attempts to confer extraterritorial jurisdiction on the municipality, inasmuch as neither the defendant nor his employer were doing business therein—because the business transaction was completed in Miami Beach. It is well settled that it is not within the province of a municipal court to determine the validity or constitutionality of a town ordinance.

The only problem presented is whether this defendant has violated the provisions of section 16.31 of the code. The leading case on the question in this state is Duffin v. Tucker, 153 So. 298. This case went to the Supreme Court on writ of error to a judgment in habeas corpus proceedings. The petitioner was convicted of selling and taking orders for delivery by truck in the city of Cocoa without first procuring a license from the city clerk, and without having paid the occupational license required by the city of persons selling, offering to sell, soliciting orders for, or delivering by truck goods, wares and merchandise. The petitioner was an employee of a Florida corporation with headquarters in Jacksonville which operated in Cocoa by sending its refrigerated trucks into Cocoa from Jacksonville, accompanied by one of its salesmen and a driver of the truck. The salesman took orders in Cocoa for delivery of goods at a future date and while he was occupied in taking orders the truck driver delivered the goods for which orders had been given the salesman during a previous trip. The goods for which the orders were taken were never filled in Cocoa on the same day that the order was given, nor were any goods ever sold in Cocoa directly from the truck itself. Petitioner was employed by the company as a traveling salesman, he accompanied the truck into Cocoa on one day, took an order from a merchant to be delivered by his employer later—two days later the truck driver delivered the merchandise. The Supreme Court held the ordinance invalid as attempting to confer extraterritorial jurisdiction on the city of Cocoa.

In Farris v. Hall (Fla.), 156 So. 114, the petitioner was taken into custody for selling and/or delivering goods, wares and merchandise from a motor truck to merchants within the corporate limits of Lake City without first having obtained a license authorizing the transaction of business therein, as required by the city ordinance. In holding the ordinance invalid and ordering petitioner dismissed from custody the Court stated that the facts of the case clearly showed that it was within the ruling enunciated in Duffin v. Tucker, supra. To the same effect see Lane v. Williams (Fla.), 37 So. 2d 163; Whiddon v. Vickers (Fla.), 172 So. 923; Masters v. Cobb (Fla.), 149 So. 337.

My attention has been directed to a case arising recently before circuit judge Aquilino Lopez, Jr. in Key West entitled Burdine's Inc. and Tony Pappain, plaintiffs, v. City of Key West et al, defendants, 16th judicial circuit, chancery #13920. Judge Lopez cited the cases set forth above and in granting a permanent injunction against enforcement of the ordinance, held—"The ordinance is also invalid in that it attempts to confer extraterritorial jurisdiction on the city of Key West inasmuch as the plaintiff Burdine's, Inc. is not doing business in the city because the business transaction is completed in its store outside the city, and the only thing that Burdine's does in the city is deliver merchandise on its trucks to persons in the city who had given prior thereto, in person or by mail or some other means, their orders to Burdine's stores outside the city for such merchandise."

In the case at bar I find that the facts come squarely within the decisions rendered by our Supreme Court, that the only act engaged in by the defendant, Leslie James Howes, was delivering an automobile to a person in Surfside who had previously requested such delivery by telephoning to a place of business maintained by his employer in Miami Beach. I am not impressed by the town's reference to the circumstance that the mileage involved in connection with the car rented in this instance was computed as of the place where it was delivered in Surfside. Such is merely a question of computation of rates and has no important bearing on whether the contract in question was made in the town of Surfside, or whether the defendant was attempting to rent, lease or hire an automobile within the limits thereof. The mere computation of mileage rates would not subject this defendant to the ordinance in question within the meaning of the clause stating ". . . or offer for rent, lease or hire by advertising the same in a newspaper or in any other manner in the town . . ."

Counsel for the town argues that under its police powers and its powers "to regulate" the town may impose a license tax such as that required by the ordinance in question. It was further argued that because a motor vehicle is involved this case comes within the scope of decisions permitting such a license tax. I agree with counsel that when motor vehicles are involved a municipality has the power "to regulate" and can do it by means of imposing a license tax where it is necessary to be exercised as a police power in order to preserve the public's health, morals, safety or general welfare. There is, however, a distinction between the imposition of a license "to regulate" and a license which in effect is a tax to raise revenue. A reading of the ordinance clearly indicates that it falls within

the latter category. Laws relating to license taxes on persons engaged in trades, businesses or professions *within* a municipality are regulations of purely municipal character, but provisions governing commercial agents offering merchandise for sale by sample, or requiring the procurement of a license for the mere delivery of an article which is purely incidental to a trade, business or profession *outside* the geographical boundaries of the municipal corporation, is an attempt to confer extraterritorial jurisdiction on the municipality—and is not a license imposed for a municipal purpose.

The right to exercise police power beyond the municipal boundaries must be derived by legislative grant which expressly or impliedly permits it. Furthermore, *when expressly empowered*, such municipal corporation may, in the exercise of its police powers as a means of regulation, license certain occupations such as packing houses, rendering establishments and the like located outside its territory. However, the accepted rule is that a city is not empowered to exercise its licensing power beyond its area, for the sole purpose of revenue, to defray general municipal expenses, and hence a city cannot demand payment of such licenses when the businesses in question are outside its boundaries. See McQuillin, Municipal Corporations, 2d ed., vol. 3, sections 952, 1087, 1090, 1092 to 1096, inc., also the 2d ed. 1947 Cumulative Supplement, section 1096, which refers to Linen Service Corp. v. City of Abilene (Tex. Civ. App.), 169 S.W. 2d 497, which held an ordinance imposing a license tax on persons laundering clothes which were washed outside the city and delivered within the city discriminatory and void, and Ferran v. City of Palo Alto (Cal. App.), 122 P. 2d 965, which held an ordinance imposing a license fee for conducting a laundry business based on the number of employees at the plant invalid as applied to owners of a plant located outside the city who operated in various localities by picking up articles and transporting them to the plant to be laundered and returned to customers, where the gross receipts from the business in the city constituted only a small percentage of their gross receipts in other localities served from the same plant.

In considering the city's contentions I must ask the question—Should not the same apply to a physician of another city who in answer to a telephone call from a patient in Surfside visits the home of the patient and treats him therein, or to an attorney who has an occupational license in Miami, and not in Surfside, who tries a case before me in Surfside involving one of his clients; or to a Burdine's delivery man operating a truck out of Miami, who delivers an article to a Surfside resident ordered by telephone to

the store's Miami office; none of whom applied for a license? It was not the intent of the framers of this ordinance, or similar ordinances, to include the persons cited in the above examples, requiring them to obtain occupational licenses in the town of Surfside. In my opinion, the ordinance was not intended to apply to a single or isolated transaction merely incidental to the overall business of an individual or company.

The United States Supreme Court has often curbed the attempts of states to interfere with the free flow of trade in interstate commerce. The same reasoning applies to municipalities attempting to obtain jurisdiction of businesses not actively engaged in the conduct of such businesses within a municipality. I therefore find that section 16.31 of the town code has no application to the transaction involved in this case, and I find the defendant, Leslie James Howes, not guilty of the offense charged.