## TOWN OF SURFSIDE v. WILLIAMS.
### No. 5460.
Circuit Court, Dade County, Criminal Appeal.
December 3, 1963.

Robert A. Hendricks, Miami, for appellant.

Frank J. Kelly, Miami, for appellee.

HAL P. DEKLE, Circuit Judge.

Appellant seeks reversal of his conviction for violation of section 16-31 of the code of the Town of Surfside making it unlawful for any person to rent, lease or hire or offer therefor, any automobile in the town unless such person first obtains a license therefor from the town.

Appellant was an employee of Dixie Rent-A-Car System, Inc., which maintains its place of business in the city of Miami, and neither it nor the appellant had obtained a license pursuant to the aforementioned section of the town code. A guest in a hotel in the town telephoned the office of Dixie Rent-A-Car in Miami and requested a rental car be furnished to him at his hotel in Surfside pursuant to which appellant-employee delivered such car and obtained the customer's signature on the rental contract at the hotel in Surfside. Whereupon appellant was arrested for violation of this section of the town code.

Appellant urges the invalidity of the ordinance as unconstitutional in going beyond the authority of a municipality to regulate and license businesses carried on within its boundaries. He cites section 167.43, Fla. Statutes, granting authority to tax, including taxation by license on businesses and occupations "carried on within the corporation . . . "

Appellee contends that the signing of the rental contract, which was within the corporate boundaries, is the key to the issue, and constituted doing business within the corporate limits. The town cites section 47.16 (2), Florida Statutes, as the controlling definition of "carrying on a business". This section is of course the required predicate for service of process on non-resident businesses, doing business in this state, and it does state that those selling or *leasing* to any person within the state shall be conclusively presumed to be conducting or carrying on a business in this state. The court does not deem this state statute controlling here, as to a municipality.

Appellant cites the leading case of Duffin v. Tucker (Fla. 1934), 153 So. 298, in which it was held that a municipality may not by fine and imprisonment enforce payment of a license tax attempted to be exacted against a salesman who simply took orders in the city for goods to be afterwards delivered and also cites a number of subsequent cases following such holding. Appellee says that such holding does not apply because in this instance we have the other end of the transaction which was a delivery and execution of contract within the town of Surfside. There may be such a distinction, but it seems to the court that a broader and more basic question is here involved, and that is the

matter of jurisdiction or authority of the municipality to tax unless the "business" is conducted within the city. It is noted that the section in question is entitled "automobile rental *business* license" so that it is the business as an entity that is taxed. A single step in the transacting of the business is not to be taxed.

Of some analogy here is the reasoning in the cases interpreting application or not of the interstate commerce clause as to "doing business" between states where it has been held that one step in the interstate transaction cannot be regarded as an activity "in a vacuum" but that it is an essential part of a connected series of events which together make up one composite transaction in interstate commerce which would then be protected from a state license tax. Commonwealth of Virginia v. Olan Mills, Inc. (Sup. Ct. of App. of Va. 1955), 196 Va. 898, 86 S.E.2d 27, 31. So it is that one step of the transaction, whether it be the initial or concluding one, does not afford a basis for application of a revenue measure which of course this is and is not based upon an exercise of police powers.

Even though there be a complete single transaction within the municipality, if it is but an isolated one it is not sufficient as a basis for taxation as doing business within the city. In Karnes v. City of Benton, 258 Ky. 425, 80 S.W.2d 560, Karnes, a farmer who resided outside the corporate limits of the city, was charged with selling meat within the city in quantities less than one quarter of a carcass without license to do so as provided by ordinance of the city. In a suit to enjoin the enforcement of the ordinance against him the lower court sustained a demurrer to and dismissed his petition. On appeal the judgment was reversed. In the course of the opinion it was said — "The words 'trades,' 'occupations,' or 'professions,' mean to 'engage in' or 'carry on' a business for subsistence or profit, and not merely engaging in or conducting an isolated or a single transaction * * *", and further quotes from a text authority wherein it is said — " 'As a general rule, the performance of a single act, or even a number of isolated acts, pertaining to a particular business, will not be considered as engaging in or carrying on such business within the meaning of a law imposing a license tax; * * *.' "

In Evers v. City of Mayfield, 120 Ky. 73, 85 S.W. 697, 698, 27 Ky. Law Rep. 481, an ordinance imposing a license tax for each attorney, physician, etc., practicing his profession in the city of Mayfield was involved. The ordinance exempted lawyers, physicians, etc., who came into the city on special professional business unless they advertised for or solicited business therein. In the course of the opinion it was stated as a general principle and without regard to the exemption made by the ordinance that —

"If a physician living in Louisville is sent for to perform a surgical operation in Mayfield, and comes there on that business, he should not be required to pay the occupation tax in Mayfield, because that is not the place where he practices his profession. The power given by the statute to tax occupations refers to occupations followed in the city, and not to people who come there under specific employment to attend to a special matter."

It is similarly held in Mayor and Council of Wilmington v. Durham (Superior Ct. of Del., 1959), 153 A.2d 568, 572.

It therefore appears to the court that the isolated instance here of filling an order for a rental car within the corporate limits of Surfside does not constitute sufficient jurisdictional contact as a basis to require a business license from the town, and that section 16-31 of the code of the Town of Surfside making it unlawful to rent, lease or hire or offer for the same by newspaper advertising "or in any other manner" any automobile unless licensed by the town, is unconstitutional, discriminatory and therefore void.

Appellant's conviction is quashed and the cause reversed.