SACK, Judge.
The City of Panama City, Florida, appeals from an adverse summary final decree. The facts, contentions of the parties and the holding of the lower court are as set forth in the final decree as follows:
“This cause came on to he heard upon the Complaint of the Plaintiff for a declaratory and other relief, the answer, the amendment to answer, and the second amended answer of the Defendant, and upon the several motions of the contending parties, inclusive of the motion of the Plaintiff for a summary final decree, and the Court having heard argument of •Counsel for the respective parties, the 'Court finds that there is no genuine issue as to any material fact raised by the pleadings and the Court is of the ■opinion that the Plaintiffs motion for a ■summary decree should be granted. The facts not in dispute disclose that the Plaintiff, as the operator of a chain of retail grocery stores, commenced doing business within the corporate limits of the Defendant, City of Panama City, in April of 1965 at 1042 Airport Road, Panama City, and in July 1965 at 301 Cherry Street, and 1815 Beck Avenue, Panama City. Pursuant to the provisions of Section 561.34(2) (b), the Plaintiff •obtained from the State Beverage Department a retail license for the sale of beer and wine for consumption off premises at a cost of $25.00 and a county license for the same privilege at a cost of $25.00 also, for a total annual tax of $50.00 for the state and county licenses at each location. Upon application by the Plaintiff to the Defendant for a municipal license for the right to sell beer and wine at retail from each location, the Plaintiff was advised by the Defendant that, pursuant to ordinances of the Defendant enacted under the authority of special acts hereinafter identified, the Defendant claimed the right to exact a license tax for each location of $100.00, except that the cost of each license for the half year ending September 30, 1965, would be one-half thereof or $50.00. Prior to the due date of the license year for the privilege of selling alcoholic beverages, which license year commenced October 1, 1965, the Plaintiff instituted this proceeding alleging that, in accordance with the provisions of Section 561.36, Florida , Statutes, the Defendant, City of Panama City, might levy and collect a license tax as to each of the above-named three locations not to exceed 50% of the state and county license tax provided by Chapter 561. The Defendant, City of Panama City, by its answer and amendments thereto, claims the right for itself to exact and levy a license tax of $100.00 for the retail sale of beer and wine at each location pursuant to the authority granted to it by Chapter 24796, Special Acts of Florida, 1945 Session, and by Chapter 26120, Special Acts of Florida, 1949 Session, and by Section 2 of Chapter 27810 [27811], Special Acts of Florida, 1951 Session, and pursuant to the provisions of House Bill No. 1730, being Chapter 63-1757, Special Acts of Legislature, 1963 Session. Upon consideration of the law presented by the respective parties as bearing upon the right of the Plaintiff to obtain from the Defendant retail beer and wine licenses upon payment of a tax not to exceed 50% of the state and county license tax provided by Chapter 561, Florida Statutes [F.S.A.], the Court determines that the primary issue before it is whether the state law, now Chapter 561 [F.S.A.], Florida Statutes, which had its origin as Chapter 16774, General Laws of Florida, 1935 Session, prevails over the Special Acts above referred to, which are relied upon by the Defendant. Upon a reading of the general act and in the light of the opinion *191 of The Supreme Court of Florida in Langston vs. Lundsford (1936) [122 Fla. 813], 165 So. 898, the Court conceives that Chapter 561 is a comprehensive statute designed to cover the field of both the regulation and the taxation of the manufacture, distribution and sale of all beverages containing more than 1% of alcohol, and that the provisions in Section 561.36 that ‘No tax on the manufacture, distribution, transportation, importation or sale of such beverages shall be imposed by way of license, excise or otherwise, by any municipality, anything in any municipal charter, special or general law to the contrary notwithstanding, except as herein expressly authorized’, clearly shows the legislative intent that no ordinance such as the one here relied upon by the City of Panama City under the purported authority of the Special Acts hereinabove enumerated, should be adopted or enforced by the Defendant. As a subsidiary issue, the Defendant also urges upon the Court that the Plaintiff, having applied for and obtained from the Defendant in April and July of 1965 three municipal licenses for the sale of alcoholic beverages valid for the last half of the 1964— 1965 license year, without formal protest, has lost its standing before this Court upon the equitable considerations of waiver, estoppel or laches to question the validity of the ordinance in question. The Court holds such contention to be without merit.”
We have heard the argument of counsel and read the briefs. The final decree is affirmed upon the authority of Langston v. Lundsford, 122 Fla. 813, 165 So. 898; Sproul, Tax Collector, v. State, ex rel. Smith, 153 Fla. 892, 16 So.2d 109; and Bateman v. City of Winter Park, 160 Fla. 906, 37 So.2d 362.
WTGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.