## CITY OF MIAMI BEACH v. STEPHENS.
### No. 5819.
Circuit Court, Dade County, Criminal Appeal.

May 26, 1967.

John W. Stanford of Anderson & Stanford, Fort Lauderdale, for appellant.

Joseph A. Wanick, City Attorney, for appellee.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause is before the court on appeal from the municipal court of the city of Miami Beach, docket case no. 122477, wherein the appellant, Joseph Nathaniel Stephens, was adjudged guilty of violating a municipal ordinance and sentenced to pay a fine of $500. The facts in this cause are substantially uncontroverted.

The appellant is an employee of Capital Fleets of Florida, Inc., hereinafter called "Capital Fleets". Capital Fleets is in the automobile rental business and maintains an office at 1490 N. W. LeJeune Road in Miami, and an office at 601 North Federal Highway in Fort Lauderdale. Capital Fleets does not maintain an office in Miami Beach, nor do they have telephone service, maintain advertising or billboards, or have any other business connection with Miami Beach, except as hereinafter stated. The

appellant and Capital Fleets do not have an occupational license from the city of Miami Beach for the renting of motor vehicles. Capital Fleets does have an occupational license in Miami and in Fort Lauderdale, the locations of its two offices.

On May 19, 1965, the appellant, on behalf of Capital Fleets, drove a rental automobile from the office of Capital Fleets in Miami to a hotel in Miami Beach, and did there deliver said automobile to one Murray ιSinger upon the signing of a rental agreement by Mr. Singer. Thereupon, the appellant was arrested and charged with engaging in a business without first procuring an occupational license under the ordinances of the city of Miami Beach. The appellant was tried, convicted and sentenced to pay a fine of $500.

The appellant appeals to this court for a reversal of such conviction and primarily argues that his actions did not constitute engaging in business, and further that the ordinance as applied to his activities constituted an attempt by the city of Miami Beach to extend its taxing power beyond its territorial limits. It appears that the municipal ordinance in question is a tax or revenue measure and is not a regulatory ordinance. The appellee asserts that the appellant was in fact doing business within the city of Miami Beach and was required to obtain a license.

The appellant relies primarily on the case of Duffin v. Tucker, 113 Fla. 621, 153 So. 298 (1934). In the Duffin case, the defendant was employed as a salesman for a meat packing company in Jacksonville, and the defendant together with a truck driver frequently made trips from Jacksonville to the city of Cocoa, Florida. While in the city of Cocoa, the defendant would take orders for delivery of goods at a future date while the truck driver made delivery of goods ordered on previous trips. All other activities of the meat packing business were carried on outside of the city of Cocoa. The Supreme Court held that the taxing power of a city is not a power that can be extraterritorially exerted, directly or indirectly, and that a business transaction cannot be divided into parts so as to make one or more parts of the transaction amenable to the ordinances of one city while the other parts of the transaction occurred beyond the jurisdiction of the city. The Duffin case has been affirmed and applied in subsequent cases by the Florida courts — Hamilton v. Collins, 114 Fla. 278, 154 So. 201 (1934); Farris v. Hall, 115 Fla. 433, 156 So. 114 (1934); Langston v. Lundsford, 122 Fla. 813, 165 So. 898 (1936); Whiddon v. Vickers, 127 Fla. 222, 172 So. 923 (1937); Lane v. Williams, 160 Fla. 887, 37 So.2d 163 (1948); Bozeman v. City of Brooksville, 82 So.2d 729 (Fla. 1955); and

Berry, et al v. City of Dania, et al, 24 Fla. Supp. 152 (1963), affirmed by Florida Supreme Court at 168 So.2d 135 (1964).

Almost the identical set of facts as in our present case was presented to the circuit court of the eleventh judicial circuit in and for Dade County in Town of Surfside v. Williams, 22 Fla. Supp. 77 (1963), wherein a municipal court conviction for delivering a rental car to a hotel guest without a license was reversed upon the principles of the Duffin case and upon the further principle that the activity did not constitute doing business.

The court is of the opinion that this appeal is governed by the case of Duffin v. Tucker, supra, and that the decision and conviction of the municipal court must be reversed.

It is thereupon ordered and adjudged as follows —

(1) The finding and judgment of guilty by the municipal court of the city of Miami Beach and the sentence imposed thereon are reversed, and this cause is remanded to said municipal court with instruction to vacate said finding, judgment and sentence and to enter a finding and judgment of not guilty.

(2) In accordance with §932.52 (17), Florida Statutes, costs in this cause are taxed in the total sum of $86.55, and the appellant, Joseph Nathaniel Stephens, do have and recover of and from the appellee, city of Miami Beach, the said sum of $86.55, for which let execution issue.