QUESTIONS:
1. May a career service employee of the Florida Parole and Probation Commission hold, or be a candidate for, public office while he is on leave of absence from his state employment, without resigning from such employment?
2. May a full-time employee of the Florida Parole and Probation Commission engage in the solicitation of votes in behalf of a candidate for public office?
3. Is a full-time employee of the Florida Parole and Probation Commission prohibited from engaging in passive political expression, such as carrying bumper stickers on his automobile or wearing lapel pins, etc.?
4. Is there any Florida statute that supersedes the requirement of s. 947.10, F.S. that no full-time employee of the Florida Parole and Probation Commission shall engage in any other business or profession during his service under the commission?
SUMMARY:
A career service employee of the Florida Parole and Probation Commission who is on leave of absence is still such an employee and, so far as state law is concerned, he cannot run for or hold any public office except that, with the consent of his agency head and the approval of the Division of Personnel, he may be a candidate for, or hold, a local public office which involves no interest that conflicts or interferes with his state employment. However, as a matter of federal law, and without regard to consent or approval, he may not run for any public office if his principal employment is in connection with an activity which is wholly or partly financed by federal funds.
So far as state law is concerned, an employee of the Parole and Probation Commission may solicit votes in behalf of a partisan candidate for public office except during a period of time when he is on duty or expected to perform services for which he receives compensation from the state. However, as a matter of federal law, he is prohibited from doing this if his principal employment is in connection with an activity of the commission which is wholly or partly financed by federal funds.
A full-time employee of the Parole and Probation Commission may engage in passive political expression, such as carrying bumper stickers on his automobile, wearing lapel pins, etc.
Section 216.262(1)(c), F.S., supersedes the requirement of s.947.10, F.S., that no full-time employee of the Parole and Probation Commission shall engage in any other business or profession during his service under the commission. By reason of the provisions of said s. 216.262(1)(c), such an employee may engage in another business or profession during hours outside of his normal working hours with the state without obtaining anyone's approval. He would have to have the approval of the Department of Administration in order to be entitled to engage in another business or profession during his normal working hours with the state.
AS TO QUESTION 1:
A state employee who is on leave of absence is still a state employee.
Section 947.10, F.S., provides as follows:
"947.10 Business and political activity upon part ofmembers and full-time employees of commission. — No member of the commission and no full-time employee thereof shall, during their service upon or under the commission engage in any other business or profession nor hold any other public office; nor shall they serve as the representative of any political party, or any executive committee or other governing body thereof, or as an executive officer or employee of any political committee, organization, or association, or be engaged on the behalf of any candidate for public office in the solicitation of votes, or otherwise."
However, a much later enactment, s. 110.092(4)(a), F.S., as amended by Ch. 73-326, Laws of Florida, says:
"(4) As an individual, each employee retains all rights and bligations of citizenship provided in the constitution and laws of the state and the constitution and laws of the United States. However, no employee in the classified service shall: (a) Hold, or be a candidate for, public or political office while in the employment of the state or take any active part in a political campaign while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state. However, when authorized by his agency head and approved by the division of personnel, an employee in the classified service may be a candidate for or hold a local public office which involves no interest which conflicts or interferes with his state employment. The division of personnel of the department of administration shall prepare and make available to all affected personnel who make such request a definite set of rules and regulations and procedures consistent with the provisions herein."
Since s. 947.10, supra, forbids a full-time employee of the Parole and Probation Commission to hold any public office and also forbids him to engage in the solicitation of votes in behalf of any candidate for public office, I think that when the legislature enacted s. 947.10 it intended not only to forbid such an employee to hold public office but also to forbid him to be a candidate for public office.
On the other hand, s. 110.092(4)(a), F.S., provides that an employee in the classified service (a full-time employee of the Parole and Probation Commission meets this qualification) may hold or be a candidate for a local public office which involves no interest that conflicts or interferes with his state employment, when authorized by his agency head and approved by the Division of Personnel.
These statutory provisions are irreconcilably repugnant to each other. Which one of them prevails over the other?
Section 947.10, supra, is a special act in the sense that it relates only to a particular kind of state employees, viz., full-time employees of the Parole and Probation Commission.
The provision of s. 110.092(4)(a), supra, permitting classified service employees to run for and hold certain local public offices under prescribed conditions was brought into being by Ch. 70-277, Laws of Florida. (So far as we are here concerned, said provision is still to the same effect as when added in 1970 despite insubstantial changes made in 1973 by Ch. 73-326.)
Said Ch. 70-277 contained no repealer clause. Therefore, in determining whether s. 110.092(4)(a) impliedly repealed or modified s. 947.10 to the extent of the said conflict between them, we must apply the rule of statutory construction stated by the Supreme Court of Florida in Langston v. Lundsford,165 So. 898, 900, as follows:
"The general rule that a general act will not be held to impliedly repeal or modify a special or local one is subject to the qualification that this rule does not apply where the general act is a general revision of the whole subject or where the two acts are so repugnant and irreconcilable as to indicate a legislative intent that the one should repeal or modify the other."
It is my opinion that, insofar as running for or holding public office is concerned, s. 110.092(4)(a) and s. 947.10 are so repugnant and irreconcilable as to indicate a legislative intent that the later enacted s. 110.092(4)(a) should repeal or modify s.947.10 to the extent of such conflict. Therefore, applying the rule thus laid down by our Supreme Court in the Langston case, I conclude that s. 110.092(4)(a), rather than s. 947.10, governs as to the question here under consideration.
This conclusion is buttressed by the fact that s. 110.051(1) and (2), F.S., as amended (a part of the same chapter in which s. 110.092(4)(a) is found), clearly makes all of Ch. 110, including s. 110.092(4)(a), applicable to full-time employees of the Parole and Probation Commission despite the provisions of s. 947.10.
Section 110.051(1) says:
"(1) CAREER POSITIONS. — The career service to which this chapter shall apply shall include all positions not specifically exempted by this chapter, any provisions of the Florida Statutes to thecontrary notwithstanding." (Emphasis supplied.)
(The exempted positions referred to in s. 110.051(1) are specified in s. 110.051(2), as amended by Chs. 72-156 and 73-247, Laws of Florida, which makes no mention of any kind of positions with the Parole and Probation Commission. Therefore, full-time employees of said commission are not exempted from the operation of s. 110.092(4)(a).) The words "any provisions of the Florida Statutes to the contrary notwithstanding" contained in s. 110.051(1) are to the same effect for present purposes as though they read as follows: "any provision of s. 947.10, Florida Statutes, to the contrary notwithstanding." By inserting said quoted statutory words in s. 110.051(1), a later enactment than s. 947.10, the legislature manifested a positive intent that s. 110.092(4)(a) should govern over s. 947.10 to the extent of the conflict between them.
Therefore, s. 110.092(4)(a) is the governing state law as to the question here dealt with.
However, you have advised me by telephone that certain of the commission's activities are wholly or partly financed by federal grants, and therefore I must take into account certain provisions of the so-called Hatch Act which are found in Title 5, ss. 1501 and 1502, United States Code Annotated.
Said s. 1502 provides in pertinent part that:
"(a) A State or local officer or employee may not —
* * * * *
(3) take an active part in political management or in political campaigns. (b) A State or local officer or employee retains the right to vote as he chooses and to express his opinions on political subjects and candidates."
and said s. 1501 contains the following provisions:
"For the purpose of this chapter —
* * * * *
(4) "State or local officer or employee" means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency, but does not include — (A) an individual who exercises no functions in connection with that activity;
* * * * *
(5) the phrase "an active part in political management or in political campaigns" means those acts of political management or political campaigning which were prohibited on the part of employees in the competitive service before July 19, 1940, by determinations of the Civil Service Commission under the rules prescribed by the President."
It is noted that the above-quoted paragraph (5) of s. 1501 in effect defines "an active part in political management or in political campaigns" as being such political acts as were forbidden to employees by the Federal Civil Service Commission prior to July 19, 1940. As appears from the opinion, and appendix thereto, of the United States Supreme Court in United States Civil Service Commission v. National Association of Letter Carriers,37 L.Ed.2d 796, these forbidden political acts include the following: "Becoming a partisan candidate for elective public office; or soliciting votes for or in opposition to a partisan candidate for public office or political party office."
So it is that an employee of the Parole and Probation Commission is forbidden by federal law to be a partisan candidate for elective public office, as on the Democratic ticket or the Republican ticket, if his principal employment is in connection with an activity of the commission that is either wholly or partly financed by federal funds. (As to an employee who exercises no functions in connection with a federally funded activity, said ss. 1501 and 1502 do not prohibit him from running as a partisan candidate for public office but s. 110.092(4)(a), F.S., forbids him to hold a public office except that he may do so in specified situations if consented to by the agency head and approved by the Division of Personnel.)
AS TO QUESTION 2:
The above-quoted s. 947.10, F.S., forbids full-time employees of the Parole and Probation Commission to solicit votes in behalf of a candidate for public office. However, this prohibition was partially nullified by the following provision of later-enacted s. 110.092(4)(a), F.S., as amended by Ch. 73-326, Laws of Florida:
"(4) . . . However, no employee in the classified service shall: (a) . . . take any active part in a political campaign while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state."
It is true that said statutory provision does not expressly provide that a classified service (career service) employee may take an active part in a political campaign during off-duty hours. However, it does so by implication.
As is said in 82 C.J.S. Statutes s. 336, at 675: "Affirmative words in a statute ordinarily imply a negative of what is not affirmed, and negative words therein imply the affirmative of whatis not negatived. (Emphasis supplied.)
Consequently, by negativing the right of a classified service (career service) employee to take an active part in a political campaign "while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state," said statutory provisions imply the affirmative of what is not thus negatived, that is to say, they imply that a career service employee may take an active part in a political campaign, including the solicitation of votes for a candidate for public office, at any time when not prohibited by said quoted provisions.
Thus construed, said quoted provisions of s. 110.092(4)(a), supra, are so repugnant to and irreconcilable with s. 947.10, supra, as to indicate a legislative intent to repeal or modify s. 947.10 to the extent of the conflict.
However, because of the federal law provisions referred to in the foregoing discussion of question 1, an employee of the Parole and Probation Commission is forbidden to solicit votes for a partisan candidate for public office if his principal employment is in connection with an activity of the commission that is wholly or partly financed by federal funds.
AS TO QUESTION 3:
As pointed out in my discussion of question 2, supra, s. 110.092(4)(a), supra, permits a full-time employee of the Parole and Probation Commission to take even an active part in a political campaign during off-duty hours and it follows that during such hours he can take a passive part by way of bumper stickers, lapel pins, etc.
Application of the rule of statutory construction dealt with in said discussion of question 2 results in the conclusion that by forbidding active participation in a political campaign during on-duty hours, s. 110.092(4)(a) authorizes passive participation during such hours by way of bumper stickers, lapel pins, etc.
As to the federal law on this subject, according to the above-mentioned opinion, and appendix thereto, of the United States Supreme Court in United States Civil Service Commission v. National Association of Letter Carriers, it is permissible under the federal Hatch Act for an employee affected thereby to display a picture, sticker, badge, or button. Therefore, a full-time employee of the Florida Parole and Probation Commission is not precluded from engaging in such passive political expressions as carrying bumper stickers on his automobile, wearing lapel pins, etc., even if his principal employment is in connection with an activity of the commission that is wholly or partly financed by federal funds.
AS TO QUESTION 4:
In pertinent part, s. 947.10, F.S., provides: "No member of the commission and no full time employee thereof shall, during their service upon or under the commission engage in any other business or profession."
However, later enacted s. 216.262(1)(c), F.S., which had its origin in the Governmental Reorganization Act of 1969 (Ch. 69-106), provides that:
"(c) No individual employed by a state agency may hold more than one employment during his normal working hours with the state, such working hours to be determined by the head of the state agency affected, unless approved by the department. ["Department" means Department of Administration." See s. 216.011(2)(a), F.S.]
Application of the rule of statutory construction quoted above from 82 C.J.S. Statutes s. 336, p. 675 results in the conclusion that, by forbidding a state agency employee to hold more than one employment during his normal working hours with the state unless approved by the Department of Administration, said s.216.262(1)(c) impliedly authorizes him to hold another employment, such as engaging in a business or profession, during hours outside of his normal working hours with the state without procuring approval from any source. Of course, he would have to procure the authorization of the Department of Administration before undertaking another employment during his normal working hours with the state.
(I note that s. 216.262(3) provides that: "The provisions of subsection (1)(c) and (d) shall not apply to an individual filling a position the salary of which has been specifically fixed or limited by law." However, you have advised me by telephone that the salaries of none of the employees of the commission are specifically fixed or limited by law, and therefore said s.216.262(3) has no effect on the above-quoted s. 216.262(1)(c) insofar as employees of the Parole and Probation Commission are concerned.)
Also, when the rule of statutory construction quoted above from Langston v. Lundsford, 165 So. 898, 900, is applied to s.216.262(1)(c), it appears that said statutory provision is so repugnant to and irreconcilable with the last-quoted provision of s. 947.10, supra, as to indicate a legislative intent that the former should repeal or modify the latter. Therefore, s.216.262(1)(c) supersedes the last-quoted provision of s. 947.10, supra.