ROBERTS, Justice.
We here review on certiorari a judgment of the Circuit Court of Hernando- County, affirming the conviction of petitioner in the Municipal Court of the City of Brooksville for violation of Ordinance No. 94 of that city.
The • ordinance in question is essentially a regulatory measiire, prescribing certain qualifications and requirements which must be met before engaging in the business of a solicitor - and canvasser in the City. A solicitor or canvasser is defined as- “any individual, whether resident of'the City of Brooksville or not, traveling * * * from house to house, or from street to street, taking or attempting to take orders for-sale of goods- * * * for future delivery * * It requires that a solicitor or canvasser must have a permit and license before engaging in his business as such. The ■ application for a permit must be accompanied by a $5.00 fee to cover the cost of investigation of the applicant’s qualifications by the Chief of Police. If the application is approved, a permit is issued;- and upon payment of the required license fee, a license for the proper period of time is is *730 sued by the City Clerk. The license fee is $5 per day, $15 per week, $25 per month and $35 per year. The ordinance contains a penal provision for a fine of not more than $100 or imprisonment for not more than sixty days, or both, upon conviction of violation of any of its provisions. It applies equally to solicitors who represent firms in Brooksville and those who represent firms in other parts of the state or outside the state, except that applicants who do not reside in Brooksville or who, even though residents, représent firms outside the state must give a surety bond in the amount of $1,000. '
Bozeman, the petitioner here, is employed by a mercantile firm located in Bartow to solicit orders for merchandise in neighboring towns for future delivery there. He carries samples, but makes no on-the-spot sales. He takes the order, turns it in at the plant in Bartow and, if it is approved, the item of merchandise is delivered to Boze-man in the name of the customer. Boze-man then delivers it .to the customer and, if the customer approves, the terms of the sale, whether cash or credit, are arranged. If the article is disapproved by the customer, it. is returned to the plant in Bartow.
Bozeman admits that he had no permit or license to solicit in Brooksville, but contends that the ordinance in its application to him is unconstitutional and void as an attempt by the City to extend its taking power beyond the territorial limits of the City. Insofar as the ordinance required the payment of the license fees before engaging in the business of solicitor, we think that this contention must be sustained.
 As noted, the license fee was $5 per day, $15 per week, $25 per month, and $35 per year. The ordinance also contains a provision authorizing the Mayor to “adjust” the fee when it is made to.appear to him that the fee fixed by the ordinance is “an undue burden upon interstate commerce.” In making the adjustment, the Mayor “shall have the power to base the fee upon a percentage ' of gross sales * * We think the ordinance shows on its. face that the fees exacted have no reasonable relation to the cost of issuing the license or any expenses which may reasonably be expected to be incurred in enforcing the ordinance, which is the criterion for determining the validity of a regulatory fee exacted under the police power. State ex rel. Harkow v. McCarthy, 126 Fla. 433, 171 So. 314. It is obviously a revenue measure, pure and simple, insofar as the license fees are concerned.
This being so, it must be held that, insofar as Bozeman is concerned, the ordinance “attempts to confer extraterritorial jurisdiction on the municipality” and is an invalid attempt to “levy a tax on a business or occupation transacted' or performed in some other municipality.” Duffin v. Tucker, 113 Fla. 621, 153 So. 298, 301. See also Hamilton v. Collins, 114 Fla. 278, 154 So. 201, 202; Whiddon v. Vickers, 127 Fla. 222, 224, 172 So. 923, 924.
The City contends, however, that even if the portion of the ordinance exacting the license fee is unconstitutional as to Bozeman, his conviction must still stand, as he failed to obtain the permit required by the ordinance, and the ordinance specifically provides for the severability of any portion thereof which is found to be unconstitutional. This contention must be sustained, as the provisions for the license fee are clearly severable from the regulatory portions of the ordinance.
No attack is made by Bozeman on the validity of regulatory provisions of the ordinance, requiring an examination of the qualifications of the applicant and the issuance of a permit before acting as a solicitor in the City. Since Bozeman made no attempt to comply with this provision, his conviction must be sustained.
For the reasons stated, the petition for certiorari is denied.
DREW, C. J., and TERRELL and BUFORD, JJ., concur.