BERRY, et al v. CITY OF DANIA, et al.
No. C-60-334.
Circuit Court, Broward County.
September 23, 1963

John W. Stanford of English, McCaughan & O'Bryan, Fort Lauderdale, for plaintiffs.

Clarke Walden, Dania, for City of Dania.

August C. Paoli, Hollywood, for City of Hollywood.

Walter Urchisin, Deerfield Beach, for City of Deerfield Beach.

C. Shelby Dale, Fort Lauderdale, for City of Fort Lauderdale.

Morris C. Tucker, Fort Lauderdale, for City of Oakland Park.

Crouch, Ward & Ferris, Hallandale, for City of Hallandale.

Stephen A. Tillotson, West Hollywood, for City of Miramar.

James J. Linus, Fort Lauderdale, for City of Plantation.

Russell B. Clarke, Pompano Beach, for City of Lighthouse Point.

Bruno Di Giulian, Pompano Beach, for City of Pompano Beach.

Emanuel Sponder, West Hollywood, for Village of Pembroke Pines.

OTIS FARRINGTON, Circuit Judge.

*Summary final decree:* This cause came on to be heard upon plaintiff's motion for summary final decree and the court having considered the pleadings and affidavits finds that there is no genuine issue as to any material facts and that the plaintiffs are entitled to a summary final decree as a matter of law. The factual situation and legal principles upon which this decree is based are as hereinafter outlined.

Each of the plaintiffs is a qualified and licensed land surveyor under the laws of the state of Florida. Each plaintiff maintains a business office in one of the defendant municipalities.

Each plaintiff performs a portion of his services in making land surveys away from his business office and at the location of the real property being surveyed which portion of services consists of and is limited to the location and measurement of the land and the recording of data in a field notebook. The remaining portions of the professional activities of each plaintiff — consisting of transposing of ground survey work and field notes on to drawings of maps or plats, duplication of drawings, delivery of drawings to clients, conferences and professional advice, rendering of statements for fees and receipt of payment — are conducted at the business office of each plaintiff.

Each of the plaintiffs has surveyed land and expects in the future to survey land located in one or more of the defendant municipalities other than the municipality in which his business office is located and in making such surveys each plaintiff has in the past and expects in the future to enter said municipalities for the purpose of performing the on-site portion of his professional services in making such surveys.

Each of the defendant municipalities has by ordinance required the obtaining of an occupational license as a prerequisite to practicing the profession of land surveying therein and has and does require the payment of an annual license fee or tax in order to maintain such occupational license in good standing. In the case of the profession of land surveying the license fee is in fact an excise tax for production of revenue, since the regulation of land surveyors has been pre-empted by the state of Florida under the provisions of chapter 472, Florida Statutes.

Each of the plaintiffs contends that each of the defendant municipalities is without authority to require payment of a license fee by a land surveyor whose business office is located outside of the municipality but who enters the municipality in order to perform the on-site portion of his services in making land surveys within the municipality. Each defendant municipality contends that it has such authority, and indicates an intention to require payment of license fees by any land surveyor performing the on-site portion of any land survey within the municipality regardless of the situs of his business office. The pleadings and affidavits clearly establish that a bona fide controversy exists between the parties and that plaintiffs are entitled to a declaratory decree to determine whether or not they are obligated to pay license taxes to municipalities in which they perform the on-site portion of land surveys but in which they maintain no business office.

It is well established in Florida that any attempt by a municipality to extend its taxing power beyond its territorial limits is unconstitutional and void. Duffin v. Tucker (Fla. 1934), 153 So. 298; Bozeman v. City of Brooksville (Fla. 1955), 82 So.2d 729. A municipality cannot divide a business transaction into its component parts and levy a revenue tax on the part carried on within the municipality where the effect would be to subject a business carried on elsewhere to the municipality's tax laws. Duffin v. Tucker, supra. Since the inhibition against a municipality exercising extra-territorial taxing jurisdiction is based on constitutional grounds, the provisions of the charters of several of the defendant municipalities authorizing the licensing of businesses carried on either wholly or in part within the corporate limits are ineffectual insofar as they purport to confer extra-territorial taxing jurisdiction to said municipalities. Duffin v. Tucker, supra; Langston v. Lundsford (Fla. 1936), 165 So.898.

Applying the foregoing principles of law to the instant situation, it is the opinion of the court that the defendant municipalities cannot legally require payment of occupational license fees or taxes by plaintiffs by reason of the acts of plaintiffs in performing the on-site portions of land surveys within the

municipalities except as to any of the plaintiffs whose business office is located within the municipality.

Counsel for plaintiffs has advised that four of the individual plaintiffs have not filed affidavits in support of motion for summary decree and are no longer interested in the litigation, and said plaintiffs will be dropped as parties to this cause under Rule 1.18, Florida Rules of Civil Procedure.

The following plaintiffs maintain their business or professional office in the municipality respectively designated, to-wit— M. E. Berry II, City of Hollywood; Arthur C. Boggs, City of Hollywood; Donovan Mac Farlane, City of Fort Lauderdale; James W. McLaughlin, City of Fort Lauderdale; James R. Silvola, City of Fort Lauderdale; E. W. Stoner, City of Wilton Manors; Lee P. Hatfield, Jr., City of Wilton Manors; E. Gex Williams, Jr., City of Wilton Manors; and William R. Smith, City of Fort Lauderdale. The City of Wilton Manors is not a party defendant in this cause.

The defendant municipalities will be collectively referred to herein as "all defendant municipalities", and such reference shall mean and include the defendants, City of Dania, City of Deerfield Beach, City of Fort Lauderdale, City of Hallandale, City of Hollywood, City of Lighthouse Point, City of Miramar, City of Oakland Park, City of Plantation, City of Pompano Beach, and Village of Pembroke Pines.

Upon due consideration, it is thereupon ordered, adjudged and decreed as follows —

The individual plaintiffs, Walter A. McElfresh, H. M. Tolbert, Arnold J. Waldsmith, and Richard B. Wiggins, are dropped as parties plaintiff in this cause.

All of the defendant municipalities except the City of Hollywood are permanently enjoined and restrained from requiring or attempting to require by municipal ordinance or otherwise the plaintiffs, M. E. Berry II and Arthur C. Boggs, to pay any fee or tax, either as a regulatory license fee or a revenue tax, as a prerequisite to the performance of physical ground survey work at the location of any real property within the boundaries of said defendant municipalities, and said defendant municipalities are further permanently enjoined and restrained from enforcing in any manner against said plaintiffs any municipal ordinance enacted for the purposes prohibited by this paragraph.

All of the defendant municipalities except the City of Fort Lauderdale are permanently enjoined and restrained from requiring or attempting to require by municipal ordinance or other-

wise the plaintiffs, Donovan MacFarlane, James W. McLaughlin, James R. Silvola and William R. Smith, to pay any fee or tax, either as a regulatory license fee or a revenue tax, as a prerequisite to the performance of physical ground survey work at the location of any real property within the boundaries of said defendant municipalities, and said defendant municipalities are further permanently enjoined and restrained from enforcing in any manner against said plaintiffs any municipal ordinance enacted for the purposes prohibited by this paragraph.

All of the defendant municipalities are permanently enjoined and restrained from requiring or attempting to require by municipal ordinance or otherwise the plaintiffs, E. W. Stoner, Lee P. Hatfield, and E. Gex Williams, Jr. to pay any fee or tax, either as a regulatory license fee or a revenue tax, as a prerequisite to the performance of physical ground survey work at the location of any real property within the boundaries of said defendant municipalities, and said defendant municipalities are further permanently enjoined and restrained from enforcing in any manner against said plaintiffs any municipal ordinance enacted for the purposes prohibited by this paragraph.

The provisions of this decree shall not apply to any defendant municipality wherein any plaintiff shall subsequently establish a business and professional office and conduct substantially all of the activities of his business.

This court retains jurisdiction of this cause for the granting of such further relief as shall be necessary or proper in this cause.