QUESTION: May a municipality require, pursuant to s. 468.106(6), F.S., an occupational license from a person who does not maintain a permanent business location or branch office within such municipality, notwithstanding s. 205.042, F.S.?
SUMMARY: A municipality may not require, pursuant to s. 468.106(6), F.S., an occupational license from a person who does not maintain a permanent business location or branch office within such municipality in view of the provisions of s. 205.042, F.S. Your question is answered in the negative for the reasons set forth hereinafter. Although not expressly stated, it seems implicit from your question that the individual involved does not maintain a permanent business location or branch office in the City of St. Augustine. Your letter is also silent as to any other business, profession, or occupation engaged in interstate commerce. Section 166.201, F.S., provides that: A municipality may raise, by taxation and licenses authorized by the constitution or general law, or by user charges or fees authorized by ordinance, amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law. Chapter 205, F.S., as amended by Ch. 74-271, Laws of Florida, is now the authority for the imposition of municipal occupational license taxes for revenue purposes. Section 205.022(1), provides that: "Local occupational license" means the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. It shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter. In s. 205.042, F.S., the Legislature specifically enumerated those persons upon whom a municipality may levy an occupational license tax, to wit: (1) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any business within its jurisdiction. (2) Any person who maintains a permanent business location or branch office within said municipality for the privilege of engaging in or managing any profession or occupation within its jurisdiction. (3) Any person who does not qualify under the provisions of subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if such license tax is not prohibited by s. 8 of Art. I of the United States Constitution. This section has made it clear that a potential licensee must fall within one of the above three categories before a municipality may impose an occupational license tax. Under the first two categories, a person may conduct any business, profession, or occupation within a municipality without being subject to a municipal occupational license tax unless he maintains a permanent business location or branch office therein. Attorney General Opinion 072-236. Under subsection (3) above, a municipality may impose an occupational license tax upon a person conducting business in interstate commerce if not prohibited by the commerce clause of the United States Constitution. This tax will not be prohibited if there are sufficient "local incidents" separable from interstate commerce. See AGO 073-162. Isern v. City of West Miami, 244 So.2d 420 (Fla. 1971); Duffin v. Tucker,153 So. 298 (Fla. 1934); Berry v. City of Dania, 24 Fla. Supp. 152, aff'd, 168 So.2d 135 (Fla. 1964). Accord: Attorney General Opinions 072-117, 072-236, 073-172, and 073-399. Subsection (6) of s. 468.106, F.S., provides that: When a certificate holder desires to engage in contracting in any area of the state, as a prerequisite therefor, he shall only be required to exhibit to the local building official, tax collector, or other person in charge of the issuance of licenses and building permits in the area, evidence of holding a current certificate accompanied by the fee for the occupational license and building permit required of other persons. This subsection does not enlarge the provisions of s.205.042, F.S., to require an occupational license as a prerequisite to contracting within a municipality, thus allowing such municipality to require an occupational license from a person who does not otherwise fall within any of the three categories of said s. 205.042. It merely provides that if a contractor is otherwise required to obtain an occupational license under s.205.042, then he must purchase such license before conducting his business. Attorney General Opinions 072-236, 073-399, and 073-172. In view of the factual circumstances involved, I feel that I am unable to render a definite opinion on the authority of the City of St. Augustine to impose an occupational license tax on the individual in question, since the Attorney General cannot resolve factual questions nor legally make any legislative or judicial findings of fact. However, in the absence of a "permanent business location or branch office" located in St. Augustine, it seems doubtful that any occupational license tax imposed on the subject individual by the City of St. Augustine pursuant to Ch. 205, F.S., would be valid. I have not given any consideration in this opinion to any authority of a county or municipality to impose a purely regulatory fee in the exercise of its police power, since it seems evident that the occupational license taxes authorized by Ch. 205, F.S., are taxes for revenue purposes. Furthermore, notice should be taken of the provisions of s. 468.113, F.S. Attorney General Opinion 073- 399.